Trust Number J01-0102

Dated this 2nd day of January, 2001

---

**TRUST DEED**

---

BETWEEN:          Brian Chivas James

                  (the "Settlor")

AND                **FIRST FIDELITY TRUST LIMITED**
                R.G. Solomon Arcade, Suite 11
                Charlestown, Nevis
                West Indies

                (the "Trustee")



**Exhibit**
4

OTS - James 000006

OTS-JAMES000006

FIRST FIDELITY TRUST COMPANY                                                              NEVIS (WEST INDIES)

## INDEX

**CLAUSES**                                                                              **PAGES**

DECLARATION OF TRUST OF ORIGINAL AND ADDITIONAL PROPERTY ........................ 6
OVERRIDING POWER OF APPOINTMENT ........................................................ 6
TRUST OF INCOME AND CAPITAL ............................................................. 6
POWERS OF ADVANCEMENT .................................................................... 7
POWERS OF ADDITION AND EXCLUSION IN RESPECT OF DISCRETIONARY BENEFICIARIES ....... 7
ADDITIONAL POWERS OF THE TRUSTEE-GENERAL POWERS ................................... 8
POWERS OF INVESTMENTS, ACQUISITION AND SALE ....................................... 8
POWERS RELATING TO PROPERTY OTHER THAN LAND AND BUILDINGS ...................... 8
POWER TO BORROW ........................................................................... 9
POWERS TO MORTGAGE OR CHARGE ......................................................... 9
POWER OF VALUATION ........................................................................ 9
POWERS RELATING TO COMPANIES ........................................................... 9
POWER TO EXERCISE OR MODIFY RIGHTS .................................................. 9
POWERS TO USE NOMINEES OR CUSTODIANS ............................................... 9
POWERS RELATING TO INSURANCE .......................................................... 10
POWER TO PERMIT THE OCCUPATION AND USE OF PROPERTY ............................. 10
POWER TO LEND MONEY TO BENEFICIARIES ............................................... 10
POWER TO DEAL WITH OTHER TRUSTS ..................................................... 10
POWERS IN RELATION TO BANK ACCOUNTS ............................................... 10
POWER TO EMPLOY AGENTS ................................................................. 10
POWER TO EMPLOY INVESTMENT ADVISOR ................................................ 11
POWER TO PAY DUTIES AND TAXES ........................................................ 11
POWER TO ENGAGE IN TRADE ............................................................... 11
POWER TO TAKE LEGAL ADVICE ............................................................ 11
POWER TO GUARANTEE DEBTS .............................................................. 12
POWER TO EFFECT COMPROMISES .......................................................... 12
POWER TO GIVE INDEMNITIES .............................................................. 12
POWER TO HAVE ACCOUNTS AUDITED ..................................................... 12
POWER TO KEEP TRUST PROPERTY OUTSIDE THE JURISDICTION .......................... 12
EXERCISE OF THE TRUSTEE'S POWERS ..................................................... 13
DELEGATION OF POWERS .................................................................... 13
RESTRICTION AND RELEASE OF POWERS ................................................... 13
RESTRICTION ON EXERCISE OF POWERS ................................................... 13
POWER OF APPOINTMENT AND REMOVAL OF TRUSTEE .................................... 13
TRUSTEE'S CHARGES AND REMUNERATION ................................................ 14
PERSONAL INTERESTS OF THE TRUSTEE ................................................... 15
PROTECTION OF THE TRUSTEE AND ADVISORS ............................................ 15
RETIREMENT OF TRUSTEE ................................................................... 16
TRANSFER OF TRUST FUND, CHANGE OF FORUM OF ADMINISTRATION AND PROPER LAW AND
CHANGE OF TRUSTEE ........................................................................ 17
THE PROPER LAW ............................................................................ 18
PROVISIONS AS TO EXCLUDED PERSONS ................................................... 19
IRREVOCABILITY OF TRUST ................................................................. 20
POWER TO AMEND ........................................................................... 20
SPENDTHRIFT BENEFICIARY ................................................................ 20
TRUSTEE TO CONSULT ....................................................................... 21
EXPRESS DIRECTIONS OF THE SETTLOR .................................................... 21
OTHER PROVISIONS .......................................................................... 22
FIRST SCHEDULE ............................................................................. 24
SECOND SCHEDULE ........................................................................... 24
THIRD SCHEDULE ............................................................................ 24
FOURTH SCHEDULE .......................................................................... 25
FIFTH SCHEDULE ............................................................................ 25

OTS - James 000007

OTS-JAMES000007

THIS DEED OF SETTLEMENT is made this 4ᵗʰ day of January, 2001, BETWEEN Brian Chivas James (hereinafter called "the Settlor") of the One Part and First Fidelity Trust Limited as specified in the First Schedule, hereto attached, as the original Trustee of this trust, (hereinafter called "the Original Trustee") of the Other Part.

(A)     The Settlor desires to make the Deed of Settlement hereinafter contained and for that purpose has transferred or delivered to the Original Trustee the property specified in the Settlor's Trust Contribution Statement executed simultaneously with this Deed of Settlement, along with any future additions hereto to be held upon and subject to the terms of this Deed of Settlement. The Settlor's Trust Contribution Statement is hereby incorporated by reference and made a part of this Deed of Settlement.

(B)     This Deed of Settlement shall be known as the <u>HORNSBY TRUST</u>.

<u>NOW THIS DEED WITNESSETH AS FOLLOWS:</u>

1.  <u>INTERPRETATION</u>

    (a)     In this Deed of Settlement, wherever the context permits, the following words shall have the following meaning

        (i)     "Advisors" includes any advisory Trustee(s), agent(s), investment advisor(s), investment manager(s) or legal advisor(s) employed pursuant to the terms of this Deed of Settlement or any supporting documents attached hereto.

        (ii)    "Company" means any corporate body, limited liability company or partnership (of whatsoever kind) incorporated or otherwise brought into existence anywhere in the world.

        (iii)   "Discretionary Beneficiaries" means (subject to Clause 6) any of the persons (whether present or future and whether now ascertained or not) specified in the Second Schedule hereto and shall include an object or objects of a discretionary trust or power, however, in no instance shall it include any Excluded Person.

        (iv)    "Emergency Trustee" means the person or persons named as such in the Fifth Schedule or such other person as may be appointed or become the Emergency Trustee in accordance with this Deed of Settlement.

        (v)     "Event of Duress" means the occurrence of any of the following:

            (a)     War or civil disturbance which will or may endanger, whether directly or indirectly, the safety of any monies, investment or property which may from time to time be included in or form a part of the Trust Fund;

OTS-JAMES000008

(b) Political action in any part of the world, whether instigated by any government, political organization or individual, whether constitutional or otherwise, which will or may endanger, whether directly or indirectly, the safety of any monies, investments or property which may from time to time be included in or form a part of the Trust Fund;

(c) The enactment in any part of the world of any law, regulation, decree or measure which will or may, directly or indirectly, expropriate, sequestrate, levy, lien or in any way control, restrict or prevent the free disposal by the Trustee of any monies, investments or property which may from time to time be included in or form a part of the Trust Fund and any distribution therefrom, or may restrict or abrogate, in whole or in part, this Deed of Settlement or any contract in relation to the Trust Fund or compulsorily convert the assets comprising the Trust Fund into any particular currency, or may compel the Trustee to sell, transfer, assign, convey or otherwise dispose of the assets comprising the Trust Fund or any part thereof for the benefit of any Excluded Persons;

(d) Action by any government, department or agency in any part of the world, or by any official purporting to act on the instructions and with authority of such government, department or agency which will or may directly or indirectly, expropriate, sequestrate, levy, lien or in any way control, restrict or prevent the free disposal by the Trustee of any monies, investments or property which may from time to time be included in or form a part of the Trust Fund and distribution therefrom or may restrict or abrogate, in whole or in part, this Deed of Settlement or any contract in relation to the Trust Fund or compulsorily convert the assets comprising the Trust Fund into any particular currency or may compel the Trustee to sell, transfer, assign, convey or otherwise dispose of the assets comprising the Trust Fund or any part thereof for the benefit of any Excluded Persons;

(e) Any order, decree, judgment or injunction of any court or tribunal in any part of the world, which will or may, directly or indirectly, expropriate, sequestrate, levy, lien or in any way control, restrict or prevent the free disposal by the Trustee of any monies, investments or property which may from time to time be included in or form a part of the Trust Fund and any distribution therefrom or may restrict or abrogate, in whole or in part, this Deed of Settlement or any contract in relation to the Trust Fund or compulsorily convert the assets comprising the Trust Fund into any particular currency or may compel the Trustee to sell, transfer, assign, convey or otherwise dispose of the assets comprising the Trust Fund or any part thereof for the benefit of any Excluded Persons.

(vi) "Excluded Persons" means all and any of the persons specified in the Third Schedule or otherwise becoming Excluded Persons under the provisions of this Deed of Settlement.

OTS - James 000009

OTS-JAMES000009

(vii) "Infant" means any individual who has not attained the age of twenty-one years, notwithstanding that such individual may in accordance with the law of its or her domicile be of full age.

(viii) "International Trust Act" means the Nevis International Exempt Trust Ordinance, 1994 and any amendments or additions to the Act.

(ix) "Persons" means any individual or any body of persons corporate or unincorporated.

(x) "Proper Law of this Deed of Settlement" means the Proper Law as provided for under Clauses 40 and 41.

(xi) "Deed of Settlement" means the Deed of Settlement created by this document.

(xii) "Trust Fund" means:

    (a) The property specified in the Settlor's Trust Contribution Statement executed simultaneously with this Deed of Settlement; and

    (b) All money, investments or other property hereafter paid, transferred, delivered to, or otherwise placed under the control of and (in any such case) accepted by the Trustee as additions to the Trust Fund; and

    (c) All assets, accumulations of income, capital accretions, or otherwise, derived from the property specified under Sub-clauses (a) and (b) of this definition.

    (d) Any references to the income of the Trust Fund shall (without an allocation or apportionment in favor of the Settlor) extend to any income now accrued or accruing but not yet actually payable in respect of the Trust Fund.

(xiii) "Trust Period" means the period commencing with the date of this Deed of Settlement and ending on the first to occur of the following dates, namely:

    (a) The date of the one hundredth anniversary of the date of this Deed of Settlement (unless extended);

    (b) The period commencing on the execution hereof and continuing until such day as the Trustee may by deed or written declaration at any time and at its discretion declare to be the date of the expiration of the Trust Period. Notwithstanding the foregoing, the Trustee shall have no authority to shorten the duration of the Trust Period if such act is the result of any compulsion or Event of Duress.

(b) In this Deed of Settlement:

    (i) References to a "deed" or to "deeds" shall include any instrument in writing.

    (ii) References to the issue of any person shall include the children and remote issue of such person through all degrees.

OTS - James 000010

OTS-JAMES000010

(iii)    Words in the singular shall include the plural and words in the plural shall include the singular; and

(iv)    Words importing the masculine gender shall include the feminine gender.

(c)    Reference in this Deed of Settlement to the Settlor shall not include any other person or persons (apart from the Settlor named as a party to this Deed of Settlement) who may have settled assets as an addition to the Trust Fund or any part thereof.

(d)    The headings and sub-headings in this Deed of Settlement are inserted for the purposes of information only and are not part of and shall not be used in the construction and interpretation of this Deed of Settlement.

## DECLARATION OF TRUST OF ORIGINAL AND ADDITIONAL PROPERTY

2.    The Trustee **HEREBY DECLARES** that it shall henceforth stand possessed of the Trust Fund subject to the powers and provisions herein contained and the Trustee shall be at liberty during the Trust Period to accept any money, investments, or other property wherever situated from any persons or by will or codicil, or under the provisions of any other Deed of Settlement, declaration of trust, or otherwise, with the intent that the same shall be held by the Trustee as an accretion to the Trust Fund.

## OVERRIDING POWER OF APPOINTMENT

3.    The Trustee shall stand possessed of the Trust Fund for the benefit of all or any one or more of the Discretionary Beneficiaries, and with such powers of appointment, maintenance and advancement in favor of all or any one or more of them, as the Trustee, may in its discretion think fit **PROVIDED THAT** no such power of appointment, maintenance and advancement shall be exercised in such a way as to infringe any rule against perpetuities.

## TRUST OF INCOME AND CAPITAL

4.    The Trustee shall stand possessed of the Trust Fund and the income thereof upon, with and subject to the following trusts, powers, and provisions:

(a)    During the Trust Period, the income of the Trust Fund shall be held by the Trustee, who may pay, appropriate, or apply the same benefit in any manner to all or any one or more of the Discretionary Beneficiaries.

(b)    The Trustee shall hold any income appropriated to a Discretionary Beneficiary under Sub-clause (a) of this Clause (thereafter called "the Appropriated Fund") on trust to pay or apply the same to or for the benefit of such Discretionary Beneficiary, with power at the time of such appropriation to declare and enter into such other trusts in respect of the Appropriated Fund (without infringing any rule against perpetuities applicable hereto) for the benefit of such Discretionary Beneficiary.

(c)    The Trustee shall, during the Trust Period, accumulate all income in the Trust Fund as has not been paid, appropriated or applied in accordance with provisions of Sub-clause (a) of this Clause.

OTS-JAMES000011

(d)     At the expiration of the Trust Period, the Trustee shall hold the Trust Fund for such of the Discretionary Beneficiaries living or in existence at that time as the Trustee may by deed or resolution determine, and in such shares as the Trustee may determine, but if the Trustee has not made such determination, or such determination does not relate to the whole of the Trust Fund, at the expiration of the Trust Period, the Trustee shall hold the Trust Fund, or the balance of the Trust Fund not the subject of such determination, for the Discretionary Beneficiaries in equal shares as tenants in common; provided that, if any of the Discretionary Beneficiaries (being natural persons) shall die before the expiration of the Trust Period leaving issue who are alive at the expiration of the Trust Period, then such issue shall take, as tenants in common in equal shares, the share which his or their parents or predecessor would have taken. In the event there are no Discretionary Beneficiaries or issue living or in existence at the expiration of the Trust Period, then the Trustee shall hold the Trust Fund and accumulated and current income thereof absolutely for the International Red Cross at its Headquarters in Geneva, Switzerland.

## POWERS OF ADVANCEMENT

5.      Except as provided in this Deed of Settlement, the Trustee shall have the following powers exercisable at any time:

(a)     To raise any sum or sums out of the capital of the Trust Fund and to pay or apply the same to or for the benefit of all or any one or more of the Discretionary Beneficiaries.

(b)     To pay or transfer the whole or any parts of the capital or income of the Trust Fund to the Trustee of any other trust, wheresoever established or existing, to the benefit of all or any one or more of the Discretionary Beneficiaries.

(c)     To settle the Trust Fund on all or any one or more of the Discretionary Beneficiaries. Any Deed of Settlement made by the Trustee under this present power upon or for the benefit of any one or more of the Discretionary Beneficiaries may be to a new trust established in any part of the world and may contain such trusts, powers, and provisions, as determined by the Trustee (without infringing any rule against perpetuities applicable hereto and so long as no Excluded Person shall be capable of benefiting thereunder).

## POWERS OF ADDITION AND EXCLUSION IN RESPECT OF DISCRETIONARY BENEFICIARIES

6.      (a)     The Trustee shall have the following powers:

(i)     At any time during the Trust Period, to declare that any one or more persons, whether or not then born or ascertained, (other than any Excluded Person) either permanently, or for such shorter period or periods (not extending beyond the Trust Period), shall be included in the class of the Discretionary Beneficiaries for all purposes of this Deed of Settlement; and

(ii)    At any time during the Trust Period, to declare that any one or more persons, whether or not then born or ascertained, either permanently, or for such shorter period or periods (not extending beyond the Trust Period), shall be excluded from the class of the Discretionary Beneficiaries for all the purposes of this Deed of Settlement.

      (iii)    At any time during the Trust Period, to declare that any one or more persons, whether or not then born or ascertained, either permanently, or for such shorter period or periods (not extending beyond the Trust Period), shall be Excluded Persons for all the purposes of this Deed of Settlement.

    (b)    No declaration in exercise of the powers contained in Sub-clause (a) of this Clause shall be rendered invalid or otherwise  affect any distribution previously made to or for the benefit of any Discretionary Beneficiary.

## ADDITIONAL POWERS OF THE TRUSTEE-GENERAL POWERS

7.    Subject to any restrictions expressly contained in this Deed of Settlement, the Trustee shall have all the same powers as a natural person acting as the beneficial owner of the Trust Fund and its powers shall not be restricted by any principle of construction, or rule, or requirement of the Proper Law of this Deed of Settlement, but shall operate for the benefit of the Discretionary Beneficiaries according to the widest generality of which the foregoing words are capable, notwithstanding that certain powers are hereinafter more particularly set forth.

## POWERS OF INVESTMENTS, ACQUISITION AND SALE

8.    (a)    The Trustee shall have power to invest the Trust Fund in the purchase of any investment, including any shares, stocks, funds, securities, policies of insurance, bank accounts, time deposits, annuities, mutual funds, partnerships, reversionary or other interests, or property, movable or immovable, of whatsoever nature, and wherever situated, and whether or not productive of income, and whether involving liability or not, or upon such personal credit, with or without security, in all respects as the Trustee shall, in its discretion, think fit.

    (b)    The Trustee shall be under no duty to diversify investments and shall have power to accept or acquire and to retain any assets subject to this Deed of Settlement, even though the assets may be producing no income or insufficient income, or may be of a wasting nature, or may consist of shares, securities or interests in a single company or partnership.

    (c)    The Trustee shall have power at any time to sell, convert, or call in any investments.

    (d)    The Trustee  shall have power to apply any money in making improvements to or otherwise developing or using any land or buildings, making alterations to or improvements in, or pulling down and rebuilding any buildings (but so that the Trustee shall be under no obligation to repair, decorate, improve, alter or rebuild any such buildings).

    (e)    The Trustee shall have power to lease, let, license, mortgage or grant tenancies and to accept surrenders of leases, tenancies, and licenses, and to enter into and carry into effect any grants, agreements, or arrangements relating to and generally to manage and deal with any land or buildings.

## POWERS RELATING TO PROPERTY OTHER THAN LAND AND BUILDINGS

9.    (a)    The Trustee shall have the power to maintain, repair, improve, and alter any movable chattels and to take such steps as it may consider proper for the preservation of any movable chattels (including the making and revision of inventories) or other assets subject to any of the trusts hereof.

OTS - James 000013

OTS-JAMES000013

(b)     The Trustee shall have power to hire out, lend or bail any movable chattels for any period, for any consideration whatsoever, and shall have in relation to any property the powers of mortgaging, charging, and entering into and carrying into effect any agreements or arrangements whatsoever as are given in regard to land and buildings.

## POWER TO BORROW

10.     The Trustee shall have the power to borrow or raise money for the purpose of investment, or for acquiring any property, either with or without security.

## POWERS TO MORTGAGE OR CHARGE

11.     (a)     The Trustee shall have the power to affect any mortgage or charge as collateral security for any loan to a Discretionary Beneficiary, or to a company in which a Discretionary Beneficiary is interested, upon such terms and for such consideration in all respects as the Trustee shall in its absolute discretion think fit.

       (b)     For the purposes only of enforcing or receiving any mortgage or charge affected pursuant to this Clause, any person holding or receiving any such mortgage or charge, whether directly or by assignment, shall not be an Excluded Person.

## POWER OF VALUATION

12.     The Trustee shall have power at any time or times to have any assets valued for any purposes in such manner as the Trustee shall, in its absolute discretion, think fit.

## POWERS RELATING TO COMPANIES

13.     The Trustee shall have power to:

       (a)     Promote, form, or join in promoting or forming any company, in any part of the world, for any purpose, including the purpose of contributing to, acquiring or taking on lease or hire any of the assets forming all or part of the Trust Fund.

       (b)     Subscribe for all or any of the shares, debentures or other securities of any company and to lend monies to the same (whether at interest or free of interest and whether secured or unsecured).

       (c)     Sell, transfer, let or hire out any assets which are subject to any of the trusts hereof in consideration of the issue or transfer to the Trustee, or its nominees, of any stock, shares, debentures or other securities.

## POWER TO EXERCISE OR MODIFY RIGHTS

14.     The Trustee shall have power to exercise, or to refrain from exercising (either itself or by proxy), the rights attached to any investments, property, corporation or partnership subject to any of the trusts hereof in any manner whatsoever.

## POWERS TO USE NOMINEES OR CUSTODIANS

15.     The Trustee shall have the power to put or leave any shares, stocks, securities, insurance policies, reversionary or other interests, or other investments or property whatsoever (including money) in the name or names of any nominee or nominees for the Trustee, in any part of the world, and to

OTS - James 000014

OTS-JAMES000014

put or leave any movable chattels and bearer or other securities and certificates for safe keeping in the possession or custody of any person or persons in any part of the world without being responsible for any loss or damage and on such terms and subject to such custodian (other than an Excluded Person), as the Trustee shall think fit, and so that any such nominees or custodians may be or include the Trustee.

## POWERS RELATING TO INSURANCE

16.    The Trustee shall have power to effect, maintain, pay premiums on, convert, and deal with any insurance in respect of all or any of the assets subject to any of the trusts hereof, or with respect to the lives of the Settlor, or any other interested person.

## POWER TO PERMIT THE OCCUPATION AND USE OF PROPERTY

17.    The Trustee shall have power to permit a Discretionary Beneficiary to occupy, use or enjoy personally any movable or immovable property which may, for the time being, be comprised in the Trust Fund upon any terms and conditions which the Trustee may think fit.

## POWER TO LEND MONEY TO BENEFICIARIES

18.    The Trustee shall have power to lend any money, with or without security, to a Discretionary Beneficiary, with or without payment of interest, and upon such terms as to repayment and otherwise in all respects as the Trustee shall in its absolute discretion think fit.

## POWER TO DEAL WITH OTHER TRUSTS

19.    The Trustee shall have the power from time to time, to enter into any agreement or transaction with the Trustee or Trustees of any other Deed of Settlement or trust.

## POWERS IN RELATION TO BANK ACCOUNTS

20.    (a)    The Trustee shall have the power to place any monies forming part of the Trust Fund on current or deposit account with any bank, or any other company or corporation, conducting the business of banking or accepting monies on deposit in any part of the world, and may open and maintain banking accounts in the name of the Trustee or in the name of any one or more of them or in the name of the Deed of Settlement.

       (b)    The Trustee shall have the power to permit any one or more of the Trustees or any other person to sign checks on any bank account and generally to sign orders and authorities to any bank on behalf of the Trustee (so long as no Excluded Person shall be capable of benefiting thereunder).

## POWER TO EMPLOY AGENTS

21.    The Trustee shall have the power, instead of acting personally, to employ and pay, at the expense of the income or capital of the Trust Fund, any agents (other than any Excluded Person) in any part of the world, whether attorneys, solicitors, accountants, brokers, banks, trust companies, or other agents, and unless such agent is employed by the Trustee with fraudulent intent, the Trustee shall not be responsible for the default of any agent.

OTS - James 000015

OTS-JAMES000015

## POWER TO EMPLOY INVESTMENT ADVISOR

22.    Without prejudice to the generality of the preceding provisions of this Deed of Settlement, the Trustee may employ on such terms and with such payment as it reasonably thinks fit, any person, firm or company in any part of the world (other than any Excluded Person):

    (a)    As an investment advisor for the purpose of advising them on investment policies in relation to the Trust Fund, or any part thereof.

    (b)    As an investment manager for the purpose of managing the investment of the Trust Fund on a fully discretionary basis, or on such other terms as the Trustee shall determine, **AND** in determining the payment to be made to such investment advisor or investment manager, the Trustee may authorize such investment advisor or investment manager to retain for its own use and benefit any share or brokerage commission customarily, or by usage, payable to such investment advisor or investment manager in relation to any dealing or transaction with or concerning the Trust Fund or any part thereof.

## POWER TO PAY DUTIES AND TAXES

23.    In the event of any probate, succession or estate duty, capital transfer tax, inheritance tax, capital gains tax, income tax, or other duties, fees, taxes or fiscal obligations whatsoever becoming assessed or levied against the Trustee or the Trust Fund, or otherwise payable by the Trustee or out of the Trust Fund in the Island of Nevis, or elsewhere in respect of the Deed of Settlement or Trust Fund, or any part thereof, in any circumstances whatsoever, the Trustee shall have power to pay all such duties, fees, or taxes or meet such obligations out of the Trust Fund, or the income thereof, and shall have an absolute discretion as to the time and manner in which any such duties, fees, taxes, or obligations shall be paid or met.

## POWER TO ENGAGE IN TRADE

24.    The Trustee shall have power to engage in any trade or venture, whether solely or jointly, with any other person (except an Excluded Person) whether or not by way of partnership under the jurisdiction of Nevis or elsewhere, and to make such arrangements in connection therewith as it thinks fit, and may delegate any exercise of this power to a company or partnership formed for this purpose, provided that the persons carrying on any trade or venture authorized by this Clause shall have power to determine what are the distributable profits thereof and so much of the distributable profits as accrue to the Trustee shall be income of the Trust Fund for the purposes of this Deed of Settlement, and any power vested in the Trustee under this Deed of Settlement shall (where applicable) extend to any arrangements in connection with any such trade or venture and in particular, but without prejudice to the generality of the foregoing, Trustee's powers of borrowing and charging shall extend to any borrowing arrangements made in connection with such trade or venture as aforesaid.

## POWER TO TAKE LEGAL ADVICE

25.    The Trustee shall have the power to take legal advice locally or where necessary or appropriate elsewhere concerning any difference arising under this Deed of Settlement or any matter in any way relating to the Trustee, or to its duties in connection with the trusts hereof, and to pay the costs of such legal advice out of the capital or income of the Trust Fund.

OTS - James 000016

OTS-JAMES000016

## POWER TO GUARANTEE DEBTS

26.    (a)     The Trustee shall have the power at any time at its absolute discretion and on such terms as it deems fit, to appropriate or to apply the capital or income of the Trust Fund or any part thereof, in providing security for, or making payment of, money owed by any Discretionary Beneficiary or the performance of any obligations of any such Discretionary Beneficiary for any company in which any such Discretionary Beneficiary is interested.

   (b)     For the purposes only of enforcing or receiving any security or payment given or made pursuant to Sub-clause (a) of this Clause any person holding or receiving any such security or payment, whether directly or by assignment, shall not be an Excluded Person.

## POWER TO EFFECT COMPROMISES

27.     The Trustee shall have power to:

   (a)     Accept any property whether movable or immovable, before the time at which it is transferable or payable; or

   (b)     Pay or allow any debt incurred by or claimed against the Trustee or the Trust Fund on any evidence which it may think sufficient; or

   (c)     Accept any compromise or any security, movable or immovable, of any debt or any property due to or claimed by the Trustee; or

   (d)     Allow any time for payment of any debt; or

   (e)     Compromise, compound, abandon, submit to arbitration or otherwise settle any debt, account, claim or any thing whatever relating to the Trust Fund or the income thereof, without in any such case being liable for any loss to the Trust Fund or the income thereof thereby occurring.

## POWER TO GIVE INDEMNITIES

28.     The Trustee shall have power to enter into any indemnity in favor of any former Trustee or any other person in respect of any probate, succession or estate duty, capital transfer tax, inheritance tax, or other tax or fiscal imposition or other liability of any nature prospectively payable in respect of the Trust Fund, or otherwise in connection with this Deed of Settlement, and to charge or deposit the whole, or any part of the Trust Fund, as security for such indemnity in such manner in all respects as the Trustee shall think fit.

## POWER TO HAVE ACCOUNTS AUDITED

29.     The Trustee shall have power to cause any accounts kept in relation to this Deed of Settlement to be examined or audited by such person as it shall designate, and to pay the costs of such examination or audit out of the capital or income of the Trust Fund.

## POWER TO KEEP TRUST PROPERTY OUTSIDE THE JURISDICTION

30.     The Trustee shall have the power to keep the whole or any part of the Trust Fund within or without the jurisdiction of the Proper Law of Nevis.

## EXERCISE OF THE TRUSTEE'S POWERS

31.   (a)   Subject to any express provision affecting the same, every discretion vested in the Trustee shall be an absolute and uncontrolled discretion, and the Trustee shall have an absolute and uncontrolled discretion in deciding whether or not to exercise any such power, and the Trustee shall be under no duty to inquire as to the means or needs of any Discretionary Beneficiary, whether such Discretionary Beneficiary is a minor, or a person under some disability or otherwise. In the event the Trustee shall have knowledge of such special circumstances, the Trustee shall not be under any duty to take this into account when exercising, or not exercising, any powers under this Deed of Settlement.

   (b)   The Trustee, for the time being of this Deed of Settlement being a corporation, shall have the power to act by its duly appointed nominees.

## DELEGATION OF POWERS

32.   The Trustee shall have the power (notwithstanding any rule of law to be the contrary) at any time or times during the Trust Period, by any deed or deeds, revocable or irrevocable, to delegate to any person (other than any Excluded Person) the execution or exercise of all or any trust, powers, and discretion hereby or by law conferred on the Trustee subject to such conditions (if any) as the Trustee shall think fit.

## RESTRICTION AND RELEASE OF POWERS

33.   The Trustee shall have the power at any time during the Trust Period to release or restrict the future exercise of any dispositive, administrative, or other powers by this Deed of Settlement, or by law conferred on them, notwithstanding the fiduciary nature of any such powers.

## RESTRICTION ON EXERCISE OF POWERS

34.   No discretion or power conferred by this Deed of Settlement on the Trustee or on any other person, shall be exercisable in respect of the whole or any part of the Trust Fund in such a way as to infringe any rule against perpetuities or excessive accumulations applicable to that whole or part, or to confer any benefit upon an Excluded Person.

## POWER OF APPOINTMENT AND REMOVAL OF TRUSTEE

35.   (a)   If the Trustee hereof, shall die or, being a corporation, shall be dissolved or shall refuse or become unfit to act, then the persons, specified in the Fourth Schedule hereto, in the order set out in Sub-clause (c) of this Clause may by deed, where necessary, remove any such Trustee and may by deed appoint one or more other persons or corporations, but subject to any exclusions or provisions (if any) specified in the said Fourth Schedule, to be a Trustee or Trustee hereof in place of the Trustee so deceased, dissolved, refusing or becoming unfit to act. In the event that the Trustee is given notice of removal, the Trustee shall prepare a final accounting of the Trust's assets prior to any distribution under this provision. The Trustee shall be afforded a reasonable time in which to prepare the accounting. Notwithstanding the foregoing, if the Trustee in its sole discretion shall revoke the Trust, the Trustee shall be entitled to deduct all accrued fees and expenses, of any kind, prior to the distribution of the Trust Fund.

   (b)   Acts and deeds done or executed for the proper vesting of the Trust Fund, or any part thereof, in a successor Trustee shall be done and executed by the continuing or retiring Trustee.

OTS - James 000018

OTS-JAMES000018

(c)    The power to appoint and remove the Trustee shall be vested, at the date of execution of this Deed of Settlement, in the first listed person in the Fourth Schedule. The power to appoint and remove a Trustee shall not be vested in any other person so listed until such time and only for so long as all those persons, if any, listed above that other person consent in writing to such a vesting, or die, or are under a legal disability as defined under the Proper Law of this Deed of Settlement, or in the case of a corporation shall be dissolved or become insolvent or bankrupt.

(d)    On every change in the Trusteeship pursuant to the foregoing provision, a memorandum shall be endorsed on, or permanently annexed to this Deed of Settlement stating the names of the Trustee for the time being hereof, and shall be signed by the persons so named, and any person dealing with the Trustee or this Deed of Settlement shall be entitled to rely upon such memorandum (or the latest of such memoranda if more than one) as sufficient evidence of the truth of the matters stated therein.

(e)    It is hereby declared that any person or corporation may be appointed a Trustee, although he is neither domiciled nor resident in the Island of Nevis, <u>PROVIDED</u> that at no time shall there be more than five Trustees, and under no circumstance shall an Excluded Person be a Trustee, and provided that, notwithstanding the above, at all such times as this Deed of Settlement is registered under the International Trust Act and the forum for the administration of this Deed of Settlement is the Island of Nevis, and the Proper Law is that of the Island of Nevis, then (subject however to the Trustee's right to resign pursuant to the provisions of this Deed of Settlement) at least one Trustee shall be such a person as is necessary for this Deed of Settlement to be an International Trust as that term is defined in the International Trust Act.

(f)    In addition to, and without being limited by, the other powers of appointment and removal referred to in this Deed of Settlement or the maximum number of Trustees specified in Sub-clause (e) of this Clause, any corporate Trustee acting alone may appoint any person to act as a custodian trustee or advisory trustee in respect of all or any part of the Trust fund.

(g)    In the event that trust assets are either withdrawn or liquidated, either partially or in full, for any reason whatsoever, the Trustee shall be afforded reasonable time to perform an accounting and reconciliation of the trust accounts. In the absence of a breach of fiduciary duty, the Trustee shall be held harmless for any losses the trust incurs as a result of the trust assets being withdrawn or liquidated, including, but not limited to, losses attributed to the timing of investment liquidations. The Trustee shall be entitled to deduct from the trust corpus fees and expenses, of any kind, due and owing the Trustee as set forth in the schedule of fees. The Settlor hereby agrees to execute any and all requisite documents to effectuate winding-up the trust. The Settlor, and any other interest holder, legal or equitable, hereby agrees to indemnify the Trustee from and against all liability, loss, claims, damages and including legal fees and court costs by reason of or arising from claims of third parties and from taxes, death duties, penalties and other government charges and related expenses that may be assessed or imposed in respect of the trust as a result of the withdrawal or liquidation of trust assets.

<u>TRUSTEE'S CHARGES AND REMUNERATION</u>

36.    (a)    Any Trustee who shall be an individual engaged in any profession or business either alone or in partnership shall be entitled to charge and be paid proper charges for business done or time spent or services rendered by him or its firm in connection with the trust, powers, and provisions hereof.

OTS-JAMES000019

(b)     Any Trustee who shall be a company authorized to undertake trust business shall be entitled to remuneration for its services in accordance with such company's published terms and conditions for trust business in force from time to time.

## PERSONAL INTERESTS OF THE TRUSTEE

37.     Any of the Trustee(s) may exercise or concur in exercising all the powers and discretion given to that Trustee by this Deed of Settlement or by law, notwithstanding that such Trustee has a direct or other personal interest in the mode or result of any such exercise, but any such Trustee may nevertheless abstain from acting except as a merely formal party in any manner in which he may be so personally interested and may allow its co-Trustee or co-Trustees to act alone in relation thereto.

## PROTECTION OF THE TRUSTEE AND ADVISORS

38.     (a)     No Trustee or Advisor hereof shall be liable for any default or breach of duty, or trust loss or damage which may occur to the Trust Fund, or any part thereof (including, without limitation, any company, partnership or other entity whose shares or ownership interests are comprised directly or indirectly in the Trust Fund), or the income thereof, at any time, from any cause whatsoever (including without limitation, any failure, depreciation or loss of investments or by reason of any mistake or omission) unless such default, breach, loss or damage shall be caused by such Trustee's or Advisor's own actual fraud, and every Trustee or Advisor shall be entitled to be indemnified out of, and shall have a lien on, the Trust Fund and the income thereof against all expenses, liabilities, damages or losses, including but not limited to, all attorney's fees, claims, costs, judgments or any other type of loss or expenditure which it incurs as a result of being Trustee or Advisor or serving as a director or officer for any company, partnership or other entity whose shares or ownership interests are comprised, directly or indirectly, in the Trust Fund, notwithstanding that such expenses, liabilities, damages or losses result from a breach of such Trustee's or Advisor's duties unless brought about by that Trustee's, or Advisor's own actual fraud and, for the avoidance of any doubt, in the event that there is more than one Trustee, a co-Trustee shall not be liable for any default, breach of duty, losses or liabilities howsoever occurring or resulting from any act or omission whether willfully fraudulent, dishonest, or otherwise of any other co-Trustee.

        (b)     The indemnity under this Deed of Settlement granted to each Trustee or Advisor shall extend to the expenses and liabilities incurred by a Trustee or Advisor in any legal proceedings brought by the Discretionary Beneficiaries or any one or more of them, notwithstanding that such proceedings shall be brought in respect of a breach of duty by such Trustee or Advisor, unless such breach of duty was brought about by such Trustee's or Advisor's own actual fraud.

        (c)     The indemnities, protections and exculpations under this Clause granted are in addition to any and all rights to indemnity, protection and exculpation granted elsewhere under this Deed of Settlement, and the indemnities, protections and exculpations under this Deed of Settlement granted are in addition to any and all rights to indemnity, protection and exculpation implied by law.

(d)     The indemnities, protections and exculpations granted under this Deed of Settlement granted shall extend in favor of each current and former Trustee, each current and former Advisor, and each current and former director, officer and employee of any Trustee employed or otherwise provided by any Trustee, company, partnership or other entity whose shares or ownership interests are comprised directly or indirectly in the Trust Fund.

(e)     Without limiting the generality of the foregoing, the Trustee shall not be bound or required to interfere in the management or conduct of the affairs or business of any company or partnership (wherever resident or incorporated) forming all or any part of the Trust Fund, or in which the Trust Fund, or any part thereof, may for the time being be invested, and whether or not it may have control of such company or partnership, but so long as it shall have no actual notice of any act of dishonesty or misappropriation or misapplication of monies or other property on the part of the directors, or other persons having such management or conduct, it may leave the same (including the payment or nonpayment of dividends) wholly to such directors or other persons and no Discretionary Beneficiary shall be entitled in any manner howsoever to compel, control or forbid the exercise, or the exercise in any particular manner, of any voting rights which may at any time be vested in the Trustee or its nominees.

(f)     No Discretionary Beneficiary hereunder shall be entitled to compel the Trustee to sell or liquidate any asset of the Trust Fund, whether or not any such asset shall be producing income.

(g)     Without prejudice to all other indemnities, protections, and exculpations enjoyed by each Trustee or Advisor by virtue of this Deed of Settlement or of law:

(i)     Every discretion or power hereby, or by law, conferred on the Trustee or Advisor shall be an absolute and uncontrolled discretion or power, and in the absence of any fraudulent intent, no Trustee or Advisor shall be liable for any loss or damage arising by reason of the Trustee or Advisor exercising or failing to exercise, or concurring or failing to concur in any exercise of any such discretion or power.

(ii)    In the absence of any fraudulent intent, no Trustee or Advisor shall be liable for any loss or damage arising by reason of, or caused by relying upon the opinion or advice of counsel as to the interpretation of this Deed of Settlement in any respect, or as to any other difficulty that may arise or in relying upon the opinion or advice of any other professional person in a matter apparently falling within his professional expertise.

(iii)   No Trustee shall be liable or responsible for any act or default of any predecessor Trustee or for any breach of trust, loss or expense resulting from or occasioned by anything done or neglected to be done in the administration of the Trust Fund prior to becoming Trustee, nor shall any Trustee be required to inquire into or take notice of the administration of the Trust Fund prior to that Trustee's appointment.

## RETIREMENT OF TRUSTEE

39.     (a)     Any Trustee may retire at any time by giving written notice to any person specified in the Fourth Schedule.

OTS - James 000021

OTS-JAMES000021

(b)     Any notices pursuant to this Clause shall be deemed to have been received on the earlier of actual receipt by the addressee or 15 days after posting by registered mail to the last known address of the addressee.

(c)     In the event that there is no continuing Trustee and the person given notice pursuant to Sub-clause (a) of this Clause does not have the power to appoint a new Trustee pursuant to the provisions of this Deed of Settlement or, if it has such powers, fails to exercise such powers within 30 days of receiving or being deemed to have received the notice, then the retiring Trustee shall have the Power to appoint a successor Trustee.

(d)     The retirement of the Trustee pursuant to this Clause shall be effective:

    (i)     In the event that there is a continuing Trustee upon receipt by the addressee of the notice pursuant to Sub-clause (a) of this Clause, or

    (ii)     In the event that there is no continuing Trustee upon the appointment of a successor Trustee.

(e)     From the effective date of retirement the retiring Trustee shall be discharged as a Trustee and shall have no further obligations except as provided in Sub-clause (f) of this Clause.

(f)     The retiring Trustee shall execute all instruments and do all acts reasonably necessary to transfer the Trust Fund into the name of the continuing or successor Trustee.

(g)     If a Trustee retires from the trusts hereof, such Trustee shall be released from and indemnified from and out of the Trust Fund against all claims, demands, actions, proceedings, and accounts of any kind on the part of any person (whether in existence or not) actually or prospectively interested under this Deed of Settlement for or in respect of any act or thing done or omitted in execution or purported execution of such trusts other than and except:

    (i)     Any liability arising from any fraudulent breach of trust in which such Trustee, or in the case of a corporate Trustee any of its officers, was a party or privy; or

    (ii)     Any liability in respect of actions to recover from such Trustee all or any part of the Trust Fund, or the proceeds of the Trust Fund in the possession of such Trustee, or previously received by such Trustee, or in the case of a corporate Trustee any of its officers, and converted to his or its own use.

## TRANSFER OF TRUST FUND, CHANGE OF FORUM OF ADMINISTRATION AND PROPER LAW AND CHANGE OF TRUSTEE

40.     (a)     Notwithstanding any other provision contained in this Deed of Settlement, upon the happening of an Event of Duress in any jurisdiction where all or any part of the Trust Fund is located, the Trustee shall transfer the Trust Fund or that part of the Trust Fund and income therefrom to a jurisdiction in which there is not an Event of Duress.

    (b)     Notwithstanding any other provision contained in this Deed of Settlement, upon the happening of an Event of Duress in any jurisdiction in which any Trustee is located, forthwith and without any further action on the part of any person, that Trustee shall cease to be a Trustee of this Deed of Settlement and shall thereby be divested of the property and the title to the Trust Fund, which shall vest in the remaining Trustee, or in the event there is no remaining Trustee, then the Emergency Trustee shall automatically

OTS - James 000022

OTS-JAMES000022

become a Trustee of this Deed of Settlement. Any person who shall become a Trustee on the occurrence of any of the aforesaid events, as hereinabove provided, shall be entitled to all the rights, powers, discretions, authorities, indemnities, protections, and exculpations, granted to any other Trustee under any provisions of this Deed of Settlement.

(c)      Notwithstanding any other provision contained in this Deed of Settlement, should a further Event of Duress occur in the jurisdiction of any Emergency Trustee then forthwith, and without any further action on the part of any person the Emergency Trustee shall cease to be a Trustee of this Deed of Settlement and shall thereby be divested of the property and the title to the Trust Fund which shall vest in a Successor Emergency Trustee who shall automatically become the Trustee of this Deed of Settlement. Any person who shall become a Trustee on the occurrence of any of the aforesaid events, as hereinabove provided, shall be entitled to all the rights, power, discretion, authorities, indemnities, protection, and exculpation, granted to any other Trustee under any provisions of this Deed of Settlement.

(d)      The Trust Fund transferred pursuant to any provisions of this Clause shall be held in trust and shall be subject to the same provisions declared and contained in this Deed of Settlement except for any changes the Trustee, in its discretion, deems necessary pursuant to the powers to amend contained in the Deed of Settlement.

(e)      Any Trustee, when called upon to do so by a remaining Trustee, or the Emergency Trustee, or a Successor Emergency Trustee, shall execute all documents, deeds, and contracts, and do all things as shall be necessary in order to perfect the title of the remaining Trustee, Emergency Trustee, or Successor Emergency Trustee to the Trust Fund.

(f)      Upon the transfer or deemed transfer of the Trust Fund pursuant to the terms of this Clause, the retiring or removed Trustee shall be indemnified by the Trustee then in office, or by the Emergency Trustee, or Successor Emergency Trustee, from and out of the Trust Fund in accordance with the provisions of this Deed of Settlement relating to retiring Trustee.

(g)      Notwithstanding any other provision contained in this Deed of Settlement, upon the happening of an Event of Duress in the jurisdiction which for the time being is the forum for the administration of this Deed of Settlement, and whose law is the Proper Law of this Deed of Settlement, forthwith and without any further action on the part of any person, the forum for the administration of this Deed of Settlement shall be the place of domicile of the Trustee, Emergency Trustee holding appointment immediately following the Event of Duress and the Proper Law shall be the Law of that place.

<u>THE PROPER LAW</u>

41.    (a)      This Deed of Settlement is established under the laws of the Island of Nevis and shall be construed, interpreted, and take effect according to the laws of the Island of Nevis which shall be the forum for the administration hereof. The Settlor may, by written notice to the Trustee, direct that the provisions of any or all of Sub-clauses (a) or (b) of this Clause shall not apply upon the occurrence of any particular facts specified in such direction and constituting an Event of Duress. Any such direction may be irrevocable or revocable and shall be governed exclusively by The Proper Law of this Deed of Settlement.

(b)      Notwithstanding the provisions of Sub-clause (a), but subject to Sub-clause (d), the

OTS-JAMES000023

Trustee may by deed declare that this Deed of Settlement shall, from the date of such deed, be construed, interpreted, and take effect in accordance with the law of some other place in any part of the world which shall be the forum for the administration hereof, and whose law shall be the Proper Law of this Deed of Settlement (but subject to the power conferred by this Sub-clause and until any further declaration is made hereunder).

(c)    Where pursuant to any provision of this Deed of Settlement the Proper Law or forum for the administration of this Deed of Settlement has been changed, the Trustee may by deed make such consequential alterations in the Trustee's powers and provisions of this Deed of Settlement as the Trustee shall consider necessary or desirable to secure that so far as may be possible, such Trustee's power and provision, and shall be as valid and effective under the laws of the place named in such declaration, as the Trustee is under the laws of the Island of Nevis.

(d)    Notwithstanding anything contained in this Clause, the Trustee shall not have the power to take any action under this Clause which:

(i)    Might directly or indirectly result in this Deed of Settlement becoming revocable or unenforceable.

(ii)    Might in any way make any alteration in the beneficial trusts and the dispositive powers hereof which could not have been made by the Trustee in exercise of any one or more of the other powers conferred on them by the other provisions of this Deed of Settlement.

(iii)    Would or might directly or indirectly result in an Excluded Person obtaining a benefit.

## PROVISIONS AS TO EXCLUDED PERSONS

42.    Notwithstanding anything in this Deed of Settlement, expressed or implied, no Excluded Person shall be capable of taking any benefit of any kind by virtue of, or in consequence of, this Deed of Settlement and in particular, but without prejudice to the generality of the foregoing of this Clause:

(a)    The Trust Fund and the income thereof shall henceforth be possessed and enjoyed to the entire exclusion of any such Excluded Person.

(b)    No part of the capital or income of the Trust Fund shall be paid or lent to or applied for the benefit, either directly or indirectly, of any such Excluded Person in any manner or in any circumstances whatsoever.

(c)    No power or discretion hereby, or by any appointment (or other exercise of any powers) made hereunder, or by law conferred upon the Trustee, or any of them, shall be capable of being exercised in such a manner that any Excluded Person will or may become entitled, either directly or indirectly, to any benefit in any manner or in any circumstances whatsoever.

(d)    In the event that a judgment is rendered by any court or administrative body against a Discretionary Beneficiary, that is greater than the current liquid assets of that Discretionary Beneficiary (excluding any contingent or other interest in this Deed of Settlement), then such Discretionary Beneficiary shall automatically be an Excluded Person during such times as such judgment remains outstanding.

OTS - James 000024

OTS-JAMES000024

## INFANT DISCRETIONARY BENEFICIARY'S INCOME/PAYMENT TO GUARDIAN AND INVESTMENT OF MONIES

43.   (a)   Should any Discretionary Beneficiary who at any time becomes entitled absolutely to any income or capital of the Trust Fund then be an infant, the Trustee may hold, accumulate, and invest such income or capital, on separate trust for the Discretionary Beneficiary, in such investments as are authorized by this Deed of Settlement for the investment of the Trust Fund, during the minority of such infant and shall during that time, and from time to time, pay or apply any or all or such investments, or any asset representing or appropriated to represent the same, to such infant or for the maintenance, education, advancement, or benefit of such infant in such manner as the Trustee may think fit.

      (b)   Any income or capital of the Trust Fund, to be applied or advanced by the Trustee under the provisions of this Deed of Settlement to a Discretionary Beneficiary who is an infant, may be paid by the Trustee to the parent or guardian of such Discretionary Beneficiary and the Trustee shall not be responsible to see the application of any such monies, so applied or advanced, and such payment shall be a complete discharge by the Trustee in respect of the amount so paid by the Trustee.

## IRREVOCABILITY OF TRUST

44.   This Deed of Settlement hereby created shall be irrevocable.

## POWER TO AMEND

45.   The Trustee shall have the power to amend the provisions of this Deed of Settlement as it may consider necessary to:

      (a)   Accomplish overall estate planning, and income or estate tax savings for the Settlor or any Discretionary Beneficiary, the Settlor's estate or the estate of any Discretionary Beneficiary,

      (b)   Satisfy the requirements of any proposed successor Trustee, as part of the successor Trustee's agreement to become a Trustee, PROVIDED THAT no Excluded Person shall benefit from the exercise of any powers to amend this Deed of Settlement, or

      (c)   Benefit any Discretionary Beneficiary in any such way as it shall see fit.

## SPENDTHRIFT BENEFICIARY

46.   No Discretionary Beneficiary of this Deed of Settlement, including but not limited to the Settlor, shall have the power to anticipate, transfer, sell, assign or encumber any payment or distribution of either principal or income, to be made under the provisions of this Deed of Settlement, and any anticipation, transfer, sale, assignment or encumbrance by any such Discretionary Beneficiary, either of principal or income, whether by voluntary act or by operation of law, shall be void and of no effect whatsoever, and no distribution or payment shall be made by the Trustee to any creditor, assignee, receiver, referee in bankruptcy, or trustee in bankruptcy of any such Discretionary Beneficiary or any Excluded Person. If, notwithstanding the above, it shall be held that the interest, whether of principal or income, of any Discretionary Beneficiary under this Deed of Settlement has vested in any third party, whether by voluntary transfer or by operation of law, then, to the extent of such vesting, such interest shall cease and the Trustee shall thereupon apply any payment or distribution, whether of income or principal, thus attempted to be sold,

OTS - James 000025

OTS-JAMES000025

transferred, assigned, levied upon, or taken, to the use of the Discretionary Beneficiary who would have been entitled thereto in the absence of such sale, transfer, assignment, levy or taking.

TRUSTEE TO CONSULT

47.   Wherever and whenever the Trustee deems it desirable, the Trustee may consult with the Discretionary Beneficiaries and with its lawyers, accountants, business advisors, advisory Trustee or other experts or professional persons except for Settlor's lawyers, accountants, and business advisors, all to which the Trustee shall give deference, the Trustee is not required to seek any such consultation, nor shall the Trustee be bound by any recommendations which any such persons may suggest, but so long as the Trustee acts on the opinion, or advice of, or information obtained from any such lawyer, accountant, business advisor, advisor Trustee or other experts or professional persons, the Trustee shall not be responsible  for any loss, depreciation or damage occasioned by acting in accordance therewith, PROVIDED THAT if the Trustee does not consult or act contrary to, or does not act on the opinion, advice, or information so obtained then any Trustee shall only be responsible for such loss, depreciation, or damage as is occasioned by that Trustee's own actual fraud.

EXPRESS DIRECTIONS OF THE SETTLOR

48.   The Trustee is expressly directed by the Settlor to:

(a)   Comply with all written requests from (i) the Settlor, (ii) the Discretionary Beneficiaries, (iii) the Beneficiaries of the Settlor under his will who actually receive any portion of the Trust assets, (iv) the US Internal Revenue Service (IRS), or (v) any agent of the Trust who has been appointed pursuant to Section 6048 of the Internal Revenue Code of 1986, as amended (Code) (each such person referred to collectively herein as the "Interested Party") for information and/or documents (including the Trust instruments) that may be relevant, helpful or necessary to comply with requirements of US tax law.

(b)   To appoint an agent pursuant to Section 6048 of the Code and any regulation and guidance issued thereunder.  It is understood that the selection of the agent is in the Trustee's sole discretion and may include the Trustee itself or an entity related to the Trustee, provided such designation is not inconsistent with Section 6048 of the Code or any guidance issued thereunder.

OTS - James 000026

OTS-JAMES000026

OTHER PROVISIONS

49.   The Settlor undertakes and assumes all obligations for reporting and filing, with the IRS, any information required relating to the Trust, including the reporting requirements under Section 6048 of the Code.   It is expressly understood and agreed that the Trustee shall have no responsibility or obligation relating to such reporting and filing.

50.   The Settlor may, but is not required to, make any relevant election provided for in the Code or any guidance issued thereunder.

51.   The Settlor acknowledges that the Trust will constitute a "grantor trust" under the Code, and that, for US Federal income tax purposes, the Settlor will be treated as the owner of the Trust Fund assets and income.

52.   Without limiting the applicability of other general limitations provisions herein, it is expressly agreed and intended that the Trustee shall not be liable to anyone, including the Settlor, the Discretionary Beneficiaries, the estate of the Settlor, a beneficiary under the will of the Settlor, or the IRS, for (i) failing to provide documents to anyone, including the IRS, (ii) failing to provide complete or accurate information or documents to anyone, including the IRS, (iii) providing any information or documents to any interested party, or (iv) making an election, provided for, in the Code or any guidance issued thereunder.

OTS - James 000027

OTS-JAMES000027

## EXECUTION OF DEED OF SETTLEMENT

53.     This Deed of Settlement may be executed in counterparts.  Each counterpart of this Deed of Settlement shall, upon execution, be treated for all purposes as an original.  The counterparts of this Deed of Settlement shall together be deemed to constitute one and the same instrument.

The Trustee and the Settlor have executed this Deed on the date first written above.

Signed by: <u>Brian Chivas James</u>                    )
as Settlor in the presence of                        )
                                                     )
_STEPHEN_ _DonAlson_                                  )
WitnessName (Printed)                                )
                                                     )
                                                     )
_____                      )
Witness Signature                                    )
                                                     )
_FREEPORT BAHAMAS_                                    )
Witness Address                                      )
                                                     )
                                                     )
_____                      )
Witness Address                                      )

Settlor's Signature

Signed by: _____                                   )
as Settlor in the presence of                        )
                                                     )
_____                      )
WitnessName (Printed)                                )
                                                     )
                                                     )
_____                      )
Witness Signature                                    )
                                                     )
                                                     )
_____                      )
Witness Address                                      )
                                                     )
                                                     )
_____                      )
Witness Address                                      )

N/A

Settlor Signature

The Common Seal of                                   )
**FIRST FIDELITY TRUST LIMITED**                     )
as Trustee was affixed in the presence of:           )
                                                     )
Keithley F. T. Lake                                  )
                                                     )
_____                      )
Its duly authorized signatory                        )

C/S

OTS - James 000028

OTS-JAMES000028

## FIRST SCHEDULE

## ORIGINAL TRUSTEE

First Fidelity Trust Limited
R. G. Solomon Arcade
Suite #11
Charlestown, Nevis
West Indies

## SECOND SCHEDULE

## DISCRETIONARY BENEFICIARIES

Brian Chivas James
1830 S. Osprey
#100
Sarasota, FL 34239

Hunter Chivas James
1830 S. Osprey
#100
Sarasota, FL 34239

## THIRD SCHEDULE

## EXCLUDED PERSONS

The following list of excluded persons shall be interpreted in its broadest sense, and shall include the following persons:

1.    All courts, administrative or judicial bodies, except for the court, administrative or judicial bodies organized and empowered under the laws of Nevis, West Indies.

2.    Any and all creditors, claimants, or judgment creditors, other than any Trustee of any Settlor or of any Discretionary Beneficiary, or any other beneficiary under this Deed of Settlement.

3.    Any and all creditors, claimants, or judgment creditors of any Trustee, other than in respect of any debt, claim, or judgment, resulting from holding of the Trust Fund, or the exercise or purported exercise of any power or discretion by the Trustee pursuant to the terms of this Deed of Settlement.

4.    Such person or persons as the Trustee adds to this Schedule from time to time.

OTS - James 000029

OTS-JAMES000029

## FOURTH SCHEDULE

### PERSONS EMPOWERED TO APPOINT SUCCESSOR TRUSTEE

N/A

## FIFTH SCHEDULE

### EMERGENCY TRUSTEE

The Emergency Trustee as named from time to time by First Fidelity Trust Limited.

N/A

OTS - James 000030

OTS-JAMES000030

## AFFIDAVIT OF ACCURACY, SOLVENCY AND INDEMNIFICATION
### (For U.S. Settlor or for Contributions of U.S. Assets)

COMES NOW the undersigned Brian Chivas James, who being first duly sworn upon oath, deposes and states as follows:

1.  That to the best of my knowledge and belief the information in all annexures thereto, is true and accurate and provides a total picture of my entire financial situation including all claims, debts, loans, lawsuits, or contingent liabilities (such as indemnities or guarantees) immediately prior to any property transfers by me to the trust as named in the attached Exhibit B ("the Trust"), or to any limited partnership or other holding entity in which the Trust has or will have an interest.

2.  Where property has already been transferred from me to the Trust, or to any limited partnership or other holding entity in which the Trust has or will have an interest, I was at that time solvent and able to pay all then reasonably anticipated debts, including any claims or lawsuits against me as they were to come due from the balance of my property after such transfer.

3.  Following any contemplated or proposed transfer of my property to the Trust, or any limited partnership or other holding entity in which the Trust has or will have an interest, I will be solvent and able to pay all reasonably anticipated debts, including any claims or lawsuits against me as they come due from the balance of my property after such transfer. Upon the transfer of assets to the Trust, the value of my assets will exceed my liabilities, (actual, contingent, or prospective, so far as we know and understand).

4.  I do not contemplate filing for relief under the provisions of the U.S. Bankruptcy Code, nor am I involved in any situation that I reasonably anticipate would cause me to file for relief under any Chapter of the U.S. Bankruptcy Code in the future.

5.  I have read and understand the description of The Money Laundering Control Act in the attached Exhibit C and confirm and represent that none on the assets which I may transfer have been derived from any of the activities specified in such Act.

6.  I do not intend to use the Trust to illegally avoid or evade any United States Federal, State or local tax obligation and I hereby undertake that all income and capital gains shall be declared by me as required under United States Federal, State, and local tax laws.

7.  I have read, understand, and agree to the fee Exhibit of the Trustee for the establishment and administration of the trust as outlined in Exhibit D attached hereto.

8.  I have read, understand, and signed the attached telefax instruction Indemnity form and confirm that I relieve the Trustee of any liability for executing transactions by facsimile authorization as outlined in Exhibit E attached hereto.

9.  I have read, understand, and signed the attached Wire Transfer Indemnity form and confirm that I relieve the Trustee of any liability for any wire transfer errors as outlined in Exhibit F, attached hereto.

10.  I hereby indemnify the Trust Company from releasing any and all information to the individuals listed in the Correspondence Specifications as outlined in Exhibit G.

11.  I acknowledge that the Trustee has recommended that we seek independent professional advice on the consequences of entering into the envisaged arrangements, and in particular, concerning taxation liabilities and exchange control regulations. I acknowledge that I have not relied on the Trustee in this respect, and I shall make no claim against the Trustee or any of the Trustee's nominees,

OTS-JAMES000031

subsidiaries, or associated companies on matters relating to taxation or exchange control, and in addition to any other indemnities given by me in this appointment, I agree to indemnify and hold the Trustee harmless in this respect, concerning all actions, costs, or claims made against the Trustee by any person interested in the proposed arrangements, including any revenue and exchange control authorities.

12.     In addition to the indemnity referred to above, and any other agreement or indemnity between us, I agree that (without limitation) in the execution of the trust and powers thereto, the Trustee shall not be liable for any loss to the Trust arising in consequences of the depreciation or loss of any investments made in good faith, or by reason of any mistake or omission made in good faith, or of any other matter or thing except willful and individual fraud and wrongdoing on the Trustee's part, and further I shall indemnify and hold the Trustee harmless against all liabilities relating to any loss or damage suffered by any third party arising as a result of work undertaken by the Trustee, or services supplied by the Trustee including without limitation all trust services, at my request.

FURTHER AFFIANT SAYETH NOT.

Brian Chivas James

OTS - James 000032

OTS-JAMES000032

**EXHIBIT B**

The name of the trust: Hornsby Trust.


**EXHIBIT C**

**THE MONEY LAUNDERING CONTROL ACT**

The Money Laundering Control Act (the "Act") makes it criminal for anyone to conduct or attempt to conduct certain financial activities which involve the proceeds of unlawful activities. As the transfer of assets into a limited partnership, trust, or other entity may constitute a financial activity within the scope of the Act, it is necessary that you swear under oath that none of the assets intended to be transferred into such entities was derived from any of the criminal activities specified in the Act.

The specified unlawful activities under the Act consist primarily of drug-trafficking offenses, financial misconduct and environmental crimes. Drug-trafficking offenses include the manufacture, importation, sale, or distribution of controlled substances; the commission of acts constituting a continuing criminal enterprise; and transportation of drug paraphernalia.

Covered financial misconduct includes the concealment of assets from a receiver, custodian, trustee, marshal, or other officer of the court, from creditors in a bankruptcy proceeding, or from the Federal Deposit Insurance Corporation, the Resolution Trust Corporation, or a similar agency or person; the making of a fraudulent conveyance in contemplation of a bankruptcy proceeding or with the intent to defeat the bankruptcy law; the giving of false oaths or claims in relation to a bankruptcy proceeding; bribery; the giving of commissions or gifts for the procurement of loans; theft, embezzlement, or misapplication of bank funds or funds of other lending, credit, or insurance institutions; the making of fraudulent bank or credit institution entries or loan or credit applications; and mail, wire, or bank fraud or bank or postal robbery or theft.

Environmental crimes covered include violations of the Federal Water Pollution Control Act, the Ocean Dumping Act, the Safe Drinking Water Act, the Resource Conservation and Recovery Act, and similar federal statutes.

Other specified crimes include counterfeiting, espionage, kidnapping or hostage-taking, copyright infringement, entry of goods by means of false statements, smuggling goods into the United States, removing goods from the custody of Customs, illegally exporting arms, and trading with United States enemies.

## EXHIBIT E

### TELEFAX INSTRUCTION INDEMNITY

The Manager
First Fidelity Trust Limited
R. G. Solomon Arcade
Suite #11
Charlestown
Nevis, West Indies

Dear Sirs,

1.      I, the undersigned, hereby authorize First Fidelity Trust Limited to accept and act upon all instructions given by me or on my behalf by facsimile regarding any or all of my accounts (either existing or to be opened at a future date) with yourselves, subject to any written restrictions imposed by me or by the Trustee relating to the issuance of such instructions.  The original of the facsimile message will be submitted as confirmation of instructions, but the Trustee may act upon strength of the instructions received by facsimile without waiting to receive such confirmation.

2.      The said instructions may relate to, but are not limited to, payments, placements, distributions, cancellations, transfer of investment funds, certificates of deposit, deposits and foreign exchange transactions.

3.      With regard to instructions issued by electronic and/or mechanical process (e.g. by facsimile), I assume full responsibility for any equipment malfunction including paper shortage, transmission errors, omissions and distortions.

4.      It is agreed that the risk of misunderstandings and errors, and the risk of instructions being given by unauthorized parties, are entirely my own and that the Trustee shall not be held responsible for any loss, liability or expense whatsoever that may result from any such misunderstandings, errors or unauthorized instructions.  I hereby undertake to indemnify fully the Trustee from and against all actions, proceedings, damages, costs, claims, demands, expenses and losses which the Trustee may suffer, incur or sustain by reason of the Trustee following such instructions.

5.      My authorized representative(s), if any, may also give the Trustee instructions on my behalf regarding any and all of my accounts with the Trustee.  The Trustee shall have the right to ask my authorized representative(s) to furnish any information the Trustee may require to establish their authority but the Trustee is not obliged to do so.  The Trustee shall be fully protected in, and the Trustee shall incur no liability to me for, acting upon instructions which the Trustee in good faith believes to have been given by me or by any of my authorized representative(s).

6.      The Trustee may at any time, at my discretion, refuse to execute my instructions or any part thereof, without incurring any responsibility for loss, liability or expense arising out of such refusal, provided that a legitimate and reasonable reason exists with respect to any such refusal.

7.  The rights and obligations of the parties hereto shall be governed by and interpreted in accordance with the Laws of Nevis.

Signed and agreed this ⟨⟨ ⟩⟩day of January, 2001.

_____
Brian Chivas James

Telefax Indemnity 1-96

OTS - James 000034

OTS-JAMES000034

<u>Restrictions on Information Sent:</u>

The Settlor hereby agrees that only upon written notification from the Settlor will information be given to anyone other than the above named individuals.  Settlor hereby understands that each new request must be in a separate request and that in order to maintain confidentiality no standing requests will be honored.

Signed, acknowledged, and agreed thereto this _____ day of January 2001.

_____
Brian Chivas James

OTS - James 000035

OTS-JAMES000035

## EXHIBIT F
## WIRE TRANSFER INDEMNITY

The Manager
First Fidelity Trust Limited
R. G. Solomon Arcade, Suite #11
Nevis, West Indies

Dear Sirs,

1.     I, the undersigned, will from time to time be funding my trust known as Hornsby Trust with cash contributions via normal bank wire transfers.

2.     I understand that it is my responsibility to timely inform the Trustee as to the disposition of those funds once they are transferred into my trust.  However, should the funds arrive at the trust company without further instructions from me, I understand that the trust company will place those assets into a segregated non-interest bearing account until such instructions are received.

3.     I hereby relieve the Trustee from any liability regarding the loss of interest on the funds.  Furthermore, I hereby indemnify the Trustee for non-action regarding these funds.

4.     It is agreed that the risk of missing instructions are entirely my own and that the Trustee shall not be held responsible for any loss, liability or expense whatsoever that may result from any such missing instructions.

5.     It is assumed that I wish to have those funds deposited in a non-interest bearing account unless further disposition instructions are received by the Trustee.  It is not the Trustee's responsibility to contact me to confirm that these are my wishes.

6.     It is agreed that the risk of misunderstandings and errors, and the risk of instructions being given by unauthorized parties, are entirely my own and that the Trust company shall not be held responsible for any loss, liability or expense whatsoever that may result from any such misunderstandings, errors or unauthorized instructions. I hereby undertake to indemnify fully the Trustee from and against all actions, proceedings, damages, costs, claims, demands, expenses and losses which the Trustee may suffer, incur or sustain by reason of the Trustee following such instructions.

Signed and agreed this ____ day of January 2001.

Brian Chivas James

OTS - James 000036

OTS-JAMES000036

## EXHIBIT G

## CORRESPONDENCE SPECIFICATIONS

The Trustee shall furnish to any inquiring authority any information in its custody that is necessary to comply with the laws of Nevis, and may also, within its sole discretion, forward copies of such information to the person(s) authorized by the Settlor to receive it as indicated in and pursuant to the following named individuals.

The undersigned Settlor hereby waives the right of confidentiality pursuant to the laws of Nevis for any disclosure of information given to the following named individuals:

PRIMARY RECIPIENT (SETTLOR):

      Name:     Brian Chivas James
      Address:  1830 S. Osprey #100
                 Sarasota, FL 34239

Restrictions on Information Sent:

TRUST PROTECTOR:

      Name:
      Address:

Restrictions on Information Sent:

INVESTMENT MANAGER:
      Name:
      Address:

Restrictions on Information Sent:

Other Authorized Parties Who May Request/Receive Information:

      Settlor's Attorney:
      Address:

Restrictions on Information Sent:

      Settlor's Accountant:
      Address:

Restrictions on Information Sent:

      Settlor's Financial Advisor:
      Address:

OTS-JAMES000037

## MANDATE FOR SOLE ACCOUNT

### APPOINTMENT OF TRUSTEE

The Manager
First Fidelity Trust Limited
R. G. Solomon Arcade, Suite #11
Nevis, West Indies

I, the undersigned, Brian Chivas James of 1830 S. Osprey #100 Sarasota, FL 34239

**HEREBY REQUEST, First Fidelity Trust Limited** (the Trustee) to open an account in the name of our trust commonly known as Hornsby Trust and **AUTHORIZE** the Trustee, until further notice in writing to the contrary as follows, namely:

1.       To honor and pay by the debit of my account(s) opened by the Trustee all cheques, bills of exchange, promissory notes and other orders for payment drawn, accepted or made by me, whether such account(s) shall be for the time being in credit or overdrawn, or may become overdrawn in consequence of such debit (but without prejudice to the Trustee's right to refuse to allow any overdraft or increase thereof) and I acknowledge that I shall be responsible for the repayment of such overdraft with interest costs, charges and expenses.

2.       To deliver up on my instructions any securities or other property of mine deposited in my name, and to make arrangements from time to time for advances to me by way of loan and/or overdraft, with such advances secured in any manner, upon any securities or property of or deposited in the Trust name, and I acknowledge that I shall be responsible for the repayment of such moneys with interest costs, charges and expenses.

3.       To accept my endorsement of any cheques, drafts, orders, bills and notes payable to me and placed to the credit of any such account.

4.       To sell any of my securities or other property deposited in my name and to purchase securities or other property in my name, or on my behalf, and to credit or debit such account(s) accordingly, and I acknowledge that I shall be responsible for the repayment of any purchase(s), costs, charges and expenses thereby incurred.

5.       To hold on my death the credit balance on any account(s) in my name and all securities and other property deposited in my name to the order of my survivor(s) or the executors or administrators of such survivor without prejudice to any right you may have in respect of such credit balance, securities and other properties arising out of any lien charge, pledge, set-off, counterclaim or otherwise howsoever.

6.       I agree that in consideration of the Trustee giving or continuing to give to me banking accommodation and facilities, that in addition to any general lien or similar right to which you, as Trustee, may be entitled or have, you may at any time and without notice to me combine or consolidate any credit balance on all account(s) with you (including any accounts held in the Trustee's name relating to my liabilities) with all or any liabilities to you, and/or to set-off or transfer any sum or sums standing to the credit of such accounts, in or towards satisfaction of any of our liabilities to you on any other account, or in any other respect, whether such liabilities be actual, contingent, primary, collateral, several or joint, and the Trustee's right of set-off will apply without restriction.

7.       I agree that you shall be under no responsibility or liability for any deductions from said funds for taxes, levies or otherwise, or for any confiscation thereof, or other consequences thereto, or any part thereof, at any time arising from such laws, regulations, or other mandates as may be issued by any

Mandate                                                                          Page 1 of 2

OTS-JAMES000038

government, de facto or dejure, or from any other cause beyond the Trustee's control. Further, that you shall have the right, at the Trustee's discretion, to postpone payment against deposits, the amounts of which have been credited to the account, until the Trustee has received advice that the amounts of such deposits have become available to the Trustee.

8.     The Trustee shall open up a bank account in the name of the Trust and provide nominee signatures in order to maintain the account. The undersigned hereby indemnifies the Trustee for any and all losses of the funds, except where it is proven that said loss resulted from the willful neglect or gross misconduct of the account by the Trustee.

9.     This Mandate shall be governed in all respects by the laws of Nevis which shall have exclusive jurisdiction.

Signed, acknowledged, and agreed this _____ day of January 2001.

_____
Brian Chivas James

First Fidelity Trust                                                           Nevis, West Indies

## EXHIBIT D

## FEE SCHEDULE

The following are the normal fees charged by First Fidelity. First Fidelity has always ensured that the fees charged by the company are fully disclosed, fair and represent an outstanding value for the services provided.

The basic setup charge for a standard Settlor (Grantor) Trust is US$ 1,750.00. A standard trust is a trust that uses documentation prepared by First Fidelity and reviewed by the Settlor's counsel. If the Settlor wishes to provide documentation prepared by the Settlor's counsel, First Fidelity's legal counsel must review the documents to ensure legality under the Nevis International Exempt Trust Ordinance. The vetting (legal review) fee will be passed through to the Settlor at First Fidelity's cost of US$ 150.00 per hour with a minimum charge of US$ 500.00.

The Government of Nevis requires that all International Trusts be registered on the Government Trust Register to guarantee the protection of all of the provisions of the Nevis International Exempt Trust Ordinance. The charge to register a trust is US$ 250. Annually thereafter, a fee of US$ 250.00 is charged to maintain the trust on the register. While the registry is a public record with limited access, it consists only of the name of the trust, the trustee and the date of the trust.

First Fidelity Trust Limited charges an annual Trustee's Fee for the ongoing maintenance of trusts. This Fee shall be charged at the time of the contributions from the Settlor and annually thereafter from the date of the Trust. Fees for contributions after the initial contribution will be adjusted based upon the days remaining until the anniversary date of the Trust. Trustee's Fee is calculated based upon the value and the type of the assets under management. There are two basic types of assets that the Trustee manages. The first (Type One) is comprised of cash and /or liquid assets such as traded stocks, annuities and other managed investments. Type Two is comprised of assets such as limited liability partnerships and stock of closely held corporations, which invests in non-liquid assets. The Settlor may be required to provide various valuations of the assets such as appraisals, financial statements or professional valuations based upon the type of asset. The annual Trustee's Fee is a percentage of the total value of the assets under management and can vary in accordance with the total value of the trust.

Annual Trustee's Fee for Type One Assets

| Amount of Assets | < US$ 3,000,000 | US$ 3,000,001-5,000,000 | US$ 5,000,001-7,000,000 | > US$ 7,000,001 |
|---|---|---|---|---|
| Percentage Fee | 1.0% | 0.75% | 0.50% | 0.375 |

Annual Trustee's Fee for Type Two Assets

Percentage Fee 0.375%

The minimum annual Trustee's Fee will be US$ 1,500 plus Nevis registration and direct costs.

Additional charges may apply for services in excess of normal requirements. The rate for such charges will be US$ 100.00 per hour. The Settlor shall be informed in advance if such charges could apply. Direct expenses such as copying, faxes and express mail fees shall be charged to the trust at actual cost. All trusts must retain a minimum of US$ 1,000 in cash assets.

READ, APPROVED AND ACCEPTED THIS _____ DAY OF JANUARY, 2001.

BY: BRIAN CHIVAS JAMES

SIGNATURE:

OTS - James 000040

OTS-JAMES000040



FIRST FIDELITY
TRUST LTD.

# FIRST FIDELITY TRUST, LTD.

## COMPLIANCE AND NOTIFICATION PACKAGE
## FOR UNITED STATES TAXPAYERS

### Introduction

The purpose of the Compliance and Notification Package is to inform you, the settlor and/or beneficiary of a foreign trust and United States citizen, are required by Federal law to meet certain reporting requirements as set forth by the Internal Revenue Service. This Compliance and Notification Package is composed of four sections.

Section One provides you notice of the IRS forms you may need to file when you're the settlor or beneficiary of a foreign trust. The list is not necessarily exhaustive; therefore you should consult with a professional regarding which forms to file and how to file them. Depending on the offshore structure you have, additional forms may be required.

Section Two describes what an "Affidavit and Source of Funds and Indemnification" form is and what it is used for. These forms must be completed each time one transfers assets from the United States to a foreign jurisdiction.

Section Three contains notification that all transfers from the United States to a foreign jurisdiction may be subject to Fraudulent Transfer, Money Laundering and/or other laws. You should consult with your legal and tax advisors to ensure compliance with these laws.

Section Four is your acknowledgement that you have been notified of certain tax and legal issues surrounding your status as either a settlor or beneficiary of a foreign trust. United States citizens are taxed on worldwide income and as such, must be aware of the rules that apply to foreign business transactions.

**First Fidelity Trust, Ltd. (FFT) suggests that you retain professional advice before implementing an offshore business or investment plan that includes a foreign trust.** We strive to work closely with your advisors in order to institute an offshore plan, which is both beneficial to you, as well as being legally compliant.

In order for FFT to act as your Trustee, this Package must be completed and returned to our office. FFT will not perform any services, and is not obligated to do so, until this Package is properly executed and returned.

OTS - James 000041

OTS-JAMES000041

# SECTION 1
## INTERNAL REVENUE SERVICE FORMS

This Compliance Package states <u>only</u> the forms that may need to be filed with the Internal Revenue Service when you're either the settlor or beneficiary of a foreign trust and in regards to trust income, expenses and distributions. Additionally, as the settlor of a foreign trust, any assets owned by the trust are attributed to you for tax purposes. Therefore, additional filings may be required, including, but not limited too, making elections for business entities owned by the trust, reporting any financial accounts held by the trust, and any income or information returns required due to the trust's ownership of any of the above.

Please be advised that it is <u>your responsibility</u> to file these forms in an accurate and timely manner. Severe penalties, including <u>civil and/or criminal liabilities</u> may be levied against you if the proper forms are either not filed, filed late, filed incompletely or inaccurately. The following list is not necessarily exhaustive and may not be solely relied upon. If you have any questions, contact your legal or accounting professional and/or the appropriate governmental agency. FFT and its employees assume no responsibility for notifying you of any changes in the structure of these forms or changes in the information reported on them or the requirement of additional filings.

However, we stand ready to assist your legal or accounting professional in completing the appropriate forms. Additionally, as part of our service to you, FFT will prepare and file the annual IRS Form 3520-A. You should examine the IRS Form 3520 and make an annual determination on whether you or any of the beneficiaries you have listed in your trust deed are required to file this form. Also, depending on the nature of the assets in the Trust, you as the settlor should determine if additional IRS forms should be filed.

**By signing below you acknowledge that you have been notified of the following forms and the possibility that one of more of these forms must be filed. You also acknowledge that additional IRS forms may be required depending on the assets held by the trust and the business dealings of the trust.**

1. Form 3520 "Annual Return to Report Transactions with Foreign Trusts and Receipt of Certain Foreign Gifts."

2. Form 3520-A "Annual Information Return of Foreign Trust with a U.S. Owner."

Read, approved and accepted this _____ day of _____, 2001.

By: _____
       Brian Chivas James

OTS - James 000042

OTS-JAMES000042

# SECTION 2
## AFFIDAVIT OF SOURCE OF FUNDS
## AND INDEMNIFICATION - INTRODUCTION

An affidavit of source of funds and indemnification form must be filed each time you transfer funds to FFT, held at National Bank of Anguilla.  FFT requires these forms in order to help ensure compliance with U.S. Fraudulent Transfer, Money Laundering and other laws.  FFT will automatically reject and return within 48 hours any funds received if a properly completed and signed affidavit of source of funds and indemnification form is not simultaneously provided to FFT.  Please see your advisor for a copy of this form.

Furthermore, FFT will not assist you in the transfer of funds without prior receipt of a properly signed and completed affidavit of source of funds and indemnification form.

**By signing below you acknowledge First Fidelity Trust, Ltd. will and is hereby entitled to refuse to assist you in the transfer of funds without prior receipt of such a form.**

Read, approved and accepted this 4h day of mn, 2001.

By: _____
    Brian Chivas James

OTS - James 000043

OTS-JAMES000043

# SECTION 3
# FRAUDULENT TRANSFER AND MONEY LAUNDERING LAWS

The purpose of this section of the Compliance Package is to notify you of certain laws regulating financial transactions and services. FFT will not assist anyone with a transaction that violates these or any other laws. **By signing below you acknowledge that First Fidelity Trust, Ltd. will and is hereby entitled to refuse to assist in any transaction which it determines to be illegal under these or any other laws.**

**Fraudulent Transfers:**

It is illegal for you to engage in transfers of your assets if such transfers hinder, delay, or defraud your creditors. FFT will not assist you in such an activity. Therefore, by signing below you acknowledge that all contemplated and future transfers will not render you insolvent or violate any fraudulent transfer laws in any other way. In making this determination you must give due consideration to contingent liabilities. Further, this will confirm that you are not contemplating filing for relief under the U.S. Bankruptcy Code. Finally, by signing below you agree to provide such documentation and execute such affidavits or other documents or instruments we may reasonably require to assure us that all contemplated and future transfers are appropriate.

**United States Money Laundering Control Act:**

The Money Laundering Control Act (Act) makes it illegal to engage in or attempt to engage in certain financial activities involving the proceeds of unlawful activities. FFT will not assist you in such an activity. Therefore, by signing below you acknowledge the transfers contemplated do not involve assets or proceeds derived from criminal activities. Such activities include, but are not limited to:

*Financial Misconduct:*

This includes the concealment of assets from a receiver, custodian, trustee, marshal, or other officer of the court, from creditors in a bankruptcy proceeding or from the Federal Deposit Insurance Corporation, the Resolution Trust Corporation, or similar agency or person; the making of a fraudulent conveyance in contemplation of a bankruptcy proceeding or with the intent to defeat the bankruptcy law; the giving of false oaths or claims in relation to a bankruptcy proceeding; bribery; the giving of commissions or gifts for the procurement of loans; theft, embezzlement, or misapplication of bank funds or funds of other lending, credit, or insurance institutions; the making of fraudulent bank or credit institution entries or loan or credit applications; and mail, wire, or bank fraud or bank or postal robbery or theft.

*Environmental Crimes:*

These include violations of the Federal Water Pollution Control Act, the Ocean Dumping Act, the Safe Water Drinking Act, the Resource Conservation and Recovery Act, and similar federal statutes.

OTS - James 000044

OTS-JAMES000044

*Controlled Substances*:

These include the manufacture, importation, sale or distribution of controlled substances; the commission of acts constituting a criminal enterprise; and the transportation of drug paraphernalia.
*Other Crimes*:

These include counterfeiting, espionage, kidnapping or hostage taking, smuggling goods into the United States, copyright infringement, entry of goods by means of false statements, removing goods from the custody of Customs, illegally exporting arms, and trading with United States enemies.

**(Proposed Law) The Saint Christopher and Nevis Money Laundering (Prevention) Act, 2000:**

Saint Christopher and Nevis prohibit money laundering activities as defined in the Proceeds of Crime Act, 1993.  Persons and companies convicted of money laundering are subject to fines and imprisonment.  Proceeds derived from the following activities are subject to the Money Laundering (Prevention) Act, 2000:  drug trafficking and related offenses, extortion, false accounting, forgery, fraud, illegal deposit taking and robbery involving more than $20,000.

**Finally, by signing below you agree to provide such documentation and execute such affidavits or other documents or instruments we may reasonably require to assure us that all contemplated and future transfers are appropriate.**

Read, approved and accepted this ____ day of ____, 2000.

By: _____
    Brian Chivas James

OTS - James 000045

OTS-JAMES000045

# SECTION 4
## WARRANTY OF UNDERSTANDING AND COMPLIANCE

This section of the Compliance Package is to inform you of some of the obligations and requirements that exist under Federal and State law regarding financial and business transactions conducted abroad. FFT retains the right to refuse to assist anyone who cannot or will not comply with all applicable United States laws and regulations.

1.   I hereby warrant that I have fully read and understand the Compliance Package of which this Warranty of Understanding and Compliance is hereby incorporated by reference.

2.   I hereby warrant that I understand that a United States citizen or resident is taxed on his or her worldwide income.

3.   I hereby warrant that I understand that I am subject to applicable Federal, State and Local laws regarding the taxation and reporting requirements of certain financial and business transactions, whether the aforementioned transactions occur within the United States, its territories and possessions or within a foreign jurisdiction.

4.   I hereby warrant that I understand that certain entities, as defined by Federal, State and Local law, including, but not limited to, foreign trusts, may be "tax neutral" and that I am personally responsible for any applicable Federal, State and/or Local tax and reporting requirements in that event.

5.   I hereby warrant that I understand that establishing a foreign trust can obligate me to file certain Internal Revenue Service and Treasury Department forms, including, but not limited to IRS Form 3520 and IRS Form 3520-A.

6.   I hereby warrant that I understand that certain United States and International laws will apply to my transferring assets offshore in order to implement an offshore financial plan including, but not limited to, the settling of a trust.

7.   I hereby warrant that I understand that transferring assets offshore upon which no tax has been paid, in addition to being tax evasion, could also be construed to be international money laundering and subject me and anyone assisting in the transfer to possible criminal prosecution for conspiracy to commit money laundering.

8.   **Finally, in order to induce the Trustee to accept my funds, I hereby declare that the funds being transferred to the trust are "after tax" funds, upon which the appropriate taxes have been paid.**

Read, approved and accepted this ____ day of ____, 2000.

By: _____
      Brian Chivas James

OTS - James 000046

OTS-JAMES000046

## AUTHORIZATION OF AGENT

The **Hornsby Trust** hereby expressly authorizes Offshore Trust Services to act as its agent solely for purposes of sections 7602, 7603 and 7604 of the Internal Revenue Code with respect to any request to examine records or produce testimony related to the proper treatment of amounts required to be taken into account under the rules of sections 6048(b)(1)(A) or to any summons for such records or testimony. I certify that I have the authority to execute this authorization of agent on behalf of the **Hornsby Trust**.

By:    FIRST FIDELITY TRUST LIMITED, Trustee   Date: 2 Jan 2001

Signature: _____, Trustee or duly authorized representative

TIN/SSN:    N/A

Address:    R. G. Solomon Arcade
            Suite #11
            Main Street
            Charlestown
            Nevis. W.I.

Offshore Trust Services accepts this appointment to act as agent for the Hornsby Trust for the above purpose. I certify that I have the authority to execute this authorization of agent to act on behalf of Hornsby Trust and agree to accept service of process for the above purposes.

By:    Offshore Trust Services, Inc.

By:    Duane Crithfield, President

Signature: _____          Date: 2 Jan 2001

TIN/SSN:    ██████ 2001

Address:    4890 West Kennedy Blvd
            Suite #130, Fl 33609

OTS-JAMES000047