IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| BRIAN CHIVAS JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 8:11-cv-00271-JSM-AEP |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSES AND OBJECTIONS
TO THE DEFENDANT'S INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure for the United States District Court for the Middle District of Florida, Plaintiff, Brian Chivas James, hereby responds and objects to each interrogatory contained in the United States' Interrogatories to Plaintiff Brian C. James (the "First Set of Interrogatories").

The objections and responses set forth below are based upon information presently available to Plaintiff. Plaintiff reserves the right to supplement, amend or correct these responses and objections in light of information later obtained through discovery or otherwise. The supplying or identification of documents does not constitute an admission that such documents are relevant to any matter. Plaintiff also reserves the right to object to further inquiry with respect to any subject matter addressed in these responses.

Exhibit 48

13273959.1

## INTERROGATORIES

### INTERROGATORY NO. 1

Identify all persons who assisted you in responding to these Interrogatories and to the United States' Request to Produce Documents that were served contemporaneously herewith.

**ANSWER:**

Plaintiff objects to Interrogatory No. 1 to the extent that it purports to seek information protected by the attorney-client privilege and work product doctrine. Defendant is not entitled to information regarding who Plaintiff, on the direction of his counsel, consulted with, interviewed, or received information from in responding to these interrogatories, or to the United States' Request to Produce Documents. *Mass. v. First Nat'l Supermarkets, Inc.*, 112 F.R.D. 149 (D. Mass. 1986). Moreover, Plaintiff has identified all persons who may have knowledge relevant to his claims in Interrogatory Nos. 2 and 5, and has identified all potentially relevant documents in Interrogatory Nos. 3, 6, 8, his responses to the United States' Request to Produce Documents, and Plaintiff's 26(a)(1) disclosures. *Seven Hanover Assocs., LLC v. Jones Lang LaSalle Americas, Inc.*, No. 04 Civ. 4143, 2005 WL 3358597, at *1 (S.D.N.Y. Dec. 7, 2005) ("Defendant is free to ask for the names of persons with knowledge of the facts, but it is not entitled, through plaintiffs, to the identification of who among such knowledgeable individuals may have been interviewed by plaintiffs' attorney.").

### INTERROGATORY NO. 2

Identify all persons who have, claim to have, or whom you believe may have knowledge or information pertaining to any fact alleged in your Complaint filed in this action, or any fact underlying the subject matter of this action, and describe the specific nature and substance of the knowledge that you believe the person may have.

**ANSWER:**

1. George V. Famiglio – Knowledge regarding the preparation, filing, or failure to file Plaintiff's federal income tax and federal tax informational forms for Plaintiff's 2001 through 2003 tax years.

2. Alliance Holding Company – Knowledge regarding the formation, distributions, assets, and existence of the Trust.

3. Brenda Moore – Knowledge regarding the formation, distributions, assets, and existence of the Trust.

4. Brian Morrissey – Knowledge regarding the formation, distributions, assets, and existence of the Trust.

5. Christopher Donaldson – Knowledge regarding the formation, distributions, assets, and existence of the Trust.

6. Deborah D. Tyrell – Knowledge regarding the formation, distributions, assets, and existence of the Trust.

7. Duane Crithfield – Knowledge regarding the formation, distributions, assets, and existence of the Trust.

8. Fidelity Insurance Company – Knowledge regarding the formation, distributions, assets, and existence of the Trust.

9. First Fidelity Trust – Knowledge regarding the formation, distributions, assets, and existence of the Trust.

10. Fortress Family Office Group – Knowledge regarding the formation, distributions, assets, and existence of the Trust.

11. Fortress Trust Services – Knowledge regarding the formation, distributions, assets, and existence of the Trust.

12. Foster & Dunhill, Ltd. – Knowledge regarding the formation, distributions, assets, and existence of the Trust.

13. Gigi Garrett – Knowledge regarding the formation, distributions, assets, and existence of the Trust.

14. Joshua Crithfield – Knowledge regarding the formation, distributions, assets, and existence of the Trust.

15. Keithley F. T. Lake – Knowledge regarding the formation, distributions, assets, and existence of the Trust.

16. Offshore Trust Services – Knowledge regarding the formation, distributions, assets, and existence of the Trust.

17. Shanea Arthur – Knowledge regarding the formation, distributions, assets, and existence of the Trust.

18. Sharon Brantley – Knowledge regarding the formation, distributions, assets, and existence of the Trust.

19. Stephen P. Donaldson – Knowledge regarding the formation, distributions, assets, and existence of the Trust.

20. Yolande Barbour – Knowledge regarding the formation, distributions, assets, and existence of the Trust.

21. Westminster Hope Turnsberry – Knowledge regarding the formation, distributions, assets, and existence of the Trust.

**INTERROGATORY NO. 3**

Identify all documents in your possession, custody, or control that you believe are relevant to the claims in this action, including but not limited to, all documents that you may use as exhibits at trial.

**ANSWER:**

Plaintiff objects to Interrogatory No. 3 on the grounds that it vague in that it does not define "relevant," and appears to seek information protected by the attorney-client privilege and work product doctrine. Contemporaneously with these responses, Plaintiff has produced documents in response to Defendant's document requests. Defendant is not entitled to Plaintiff's analysis regarding the "relevance" of those documents. Moreover, Plaintiff has disclosed the documents the he may use to support his claim in his initial Rule 26(a)(1) disclosure. Plaintiff is not required to make further disclosures regarding exhibits until at least 30 days before trial, unless otherwise ordered by the court, under Rule 26(a)(3).

**INTERROGATORY NO. 4**

Please describe the facts and circumstances surrounding the formation of the Trust.

**ANSWER:**

Plaintiff objects to Interrogatory No. 4 to the extent that it is vague. Without waiving such objection, Plaintiff states as follows:

After his divorce, Plaintiff became interested in exploring methods by which he could protect his personal and business assets. Some time thereafter, Plaintiff was referred to Stephen and Christopher Donaldson, with Foster & Dunhill, Ltd., to speak to Plaintiff about assets protection. Plaintiff contacted either Stephen Donaldson, Christopher Donaldson, or both, and, some time thereafter, Plaintiff met several times with either or both parties to discuss protecting

his assets. At these meeting, either Stephen Donaldson, Christopher Donaldson, or both verbally described to Plaintiff ways to protect his assets by using a foreign trust. At some point, Plaintiff also became acquainted with Duane Crithfield, who also provided him with verbal information regarding foreign trusts.

At some point, Plaintiff decided to protect his medical practice by contributing annual percentages of the company's net income to a foreign trust. Thereafter, Plaintiff formed the Hornsby Trust with the assistance of various individuals associated with Foster & Dunhill, Ltd., First Fidelity Trust, Fidelity Insurance Company, Alliance Holding Company, Fortress Trust Services, Fortress Family Office Group, and Offshore Trust Services.

**INTERROGATORY NO. 5**

Please identify any person with knowledge of facts pertaining to "the Trust," including its formation, distributions from the trust, its assets, and current existence.

**ANSWER:**

Persons with knowledge of the facts pertaining to the Trust have been identified in response to Interrogatory No. 2.

**INTERROGATORY NO. 6**

Please identify any documents pertaining to "the Trust," including distributions from the trust, its formation, assets, and current existence.

**ANSWER:**

Plaintiff objects to Interrogatory No. 6 to the extent that it purports to request information about documents protected by the attorney-client privilege or work product doctrine. Subject to and without waiving that objection, Plaintiff states that documents pertaining to the Trust in his possession have been contemporaneously produced in response to the United States' Request to

Produce Documents, Request No. 2. *See* Fed. R. Civ. P. 33(d). In addition to the produced documents, Plaintiff may have received other documents pertaining to the Trust, which are no longer in his possession.

**INTERROGATORY NO. 7**

Please describe the facts and circumstances surrounding your failure to timely file Forms 3520 with respect to the Trust.

**ANSWER:**

During his 2001, 2002, and 2003 tax years, Plaintiff was aware that agents of the Trust were required to file Forms 3520-A on behalf of the Trust. Plaintiff believed that these filing requirements satisfied his obligation to file regarding the Trust. Moreover, Plaintiff used the tax preparation services of George V. Famiglio for Plaintiff's personal and business tax-related filings. To perform these services, Plaintiff provided Mr. Famiglio with voluminous personal and business records. Such records included Plaintiff's Forms 3520-A. Therefore, Plaintiff believed that Mr. Famiglio filed all required tax information during 2001, 2002, and 2003.

**INTERROGATORY NO. 8**

Please identify all documents you provided to any person who assisted you in preparing your federal tax returns for 2001, 2002, and 2003.

**ANSWER:**

George V. Famiglio prepared Plaintiff's 2001, 2002, and 2003 federal tax returns, and documents responsive to this interrogatory have been contemporaneously produced in response to the United States' Request to Produce Documents, Request No. 4. *See* Fed. R. Civ. P. 33(d). In addition to the documents produced in response to this request, Plaintiff provided additional documents to Mr. Famiglio, which are no longer in Plaintiff's possession.

**INTERROGATORY NO. 9**

Please identify any trust, other than the Trust, of which you have ever been a settlor, grantor, trustee or beneficiary, and describe the circumstances under which the trust was formed, its relationship to you, the assets of the trust, and identify all documents pertaining to the trust, including distributions from the trust, its formation, and current existence.

**ANSWER:**

Plaintiff is not and has never been the settlor, grantor, trustee, or beneficiary of any trust other than the Trust.

Dated: July 27th, 2011
Atlanta, Georgia

Patricia A. Gorham
FL Bar No: 0049861
Sutherland Asbill & Brennan LLP
999 Peachtree Street, NE
Atlanta, Georgia 30309-3996
404.853.8298 (Telephone)
404.853.8806 (Facsimile)
patricia.gorham@sutherland.com

*Attorneys for Plaintiff*

13273959.1

8

## VERIFICATION

I, Brian Chivas James, am the Plaintiff in this action. I declare under penalty of perjury under the laws of the United States of America that the foregoing responses to the interrogatories are true and correct.

Dated: July 26, 2011

_____
Brian Chivas James

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing *Plaintiff's Objections and Responses to the Defendant's Interrogatories* has been made on July 27, 2011 via electronic mail and U.S. Mail, postage prepaid, to the following:

Michael W. May
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-1857
Facsimile: (202) 514-9868
e-mail: michael.w.may@usdoj.gov

_____
Patricia A. Gorham