**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**BRIAN CHIVAS JAMES,**

    **Plaintiff,**

v.                                                                                    Case No.  8:11-cv-271-T-30AEP

**UNITED STATES OF AMERICA,**

    **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment (Dkt. #17), Plaintiff's Response (Dkt. #18), Defendant's Reply (Dkt. #23), and Plaintiff's Sur–Reply (Dkt. #28).  Upon reviewing the motion and responses, and being otherwise advised in the premises, the Court concludes that Defendant's motion should be denied.

### Background

Plaintiff Brian Chivas James is a Sarasota physician specializing in pain management. In 2001, looking to protect his assets from potential malpractice claims, James proceeded to create an irrevocable foreign trust in Nevis, West Indies, with First Fidelity Trust Limited (FFT) as its trustee.  James initially funded the trust in 2001 with a contribution of $192,000. He made additional contributions of $805,000 in 2002 and $607,146 in 2003.

Under 26 U.S.C. § 6048, *the trust* was required to file Form 3520-A, Annual Information Return of Foreign Trust with a U.S. Owner, which the trust timely filed for all

relevant years. In addition, as owner of the trust, James was required to file IRS Form 3520, Annual Return to Report Transactions with Foreign Trusts and Receipt of Certain Foreign Gifts. James failed to file the required Form 3520 for the years 2001, 2002, and 2003.

James argues that his failure to file Form 3520 is the fault of his former accountant, George Famiglio. Famiglio had prepared James's personal and business taxes for a number of years, and James relied on Famiglio to properly oversee and advise him about the tax requirements of the foreign trust. According to James, he or his agent timely provided Famiglio with all appropriate trust documents and information, for each year in question, yet Famiglio failed to timely file Form 3520, and/or advise James that it should be filed. James further contends that he was personally unaware of the requirement to file Form 3520.

James argues that he acted prudently and with sound business judgment in engaging Famiglio to handle all issues related to the foreign trust, and that his accountant simply dropped the ball. Although James does not remember the details of most conversations he had with Famiglio, or any specific advice he received, he recalls that they "talked a pretty good bit" about the trust, and he believed at the time that "[Famiglio] had filed all the–everything required with the IRS." In short, James argues that he had "reasonable cause" in failing to file Form 3520 by reasonably relying on Famiglio.

The Government contends that James lacks reasonable cause. Noting that James was put on notice of the requirement to file Form 3520, the Government argues that his reliance on Famiglio cannot constitute reasonable cause. In 2006, the Government assessed penalties of $67,200, $281,750, and $230,000, for failure to file Form 3520 in years 2001, 2002, and

2003, respectively. James now sues for a refund of tax penalties, arguing that his failure to file Form 3520 was due to reasonable cause and not willful neglect.

## Summary Judgment Standard

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex,* 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson,* 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.,* 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual

issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung,* 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248; *Hoffman v. Allied Corp.,* 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## Discussion

**I.     Legal Standards with Respect to Foreign Trust Filing Requirements**

Under 26 U.S.C. § 6048, an owner of a foreign trust is required to file Form 3520, due at the same time as his or her federal income tax return for that year. I.R.S. Notice 97-34, 1997-1 C.B. 422; I.R.S. Announcement 98-30, 1998-17 I.R.B. 38.

If the trust owner fails to timely file Form 3520, or submits an incomplete or incorrect form, he is subject to a penalty of $10,000 or 35% of the gross reportable amount, whichever is greater. 26 U.S.C. § 6677(a). No penalty shall be imposed, however, if the failure to file was "due to reasonable cause and not due to willful neglect." 26 U.S.C. § 6677(d).

The IRS has failed to issue regulations explicating the meaning of "reasonable cause" for failure to file Form 3520. In general, reasonable cause exists when a taxpayer exercises ordinary care and prudence in determining his tax obligations despite his failure to comply. *See* I.R.M. 20.1.1.3.2 (11-25-2011). Whether reasonable cause exists depends upon all of the facts and circumstances of the case, including the taxpayer's reason for failing to properly file, and the extent of his efforts to comply. *Id.* Moreover, the Internal Revenue Manual

("IRM") provides that ignorance of the law may provide reasonable cause if: "A. A reasonable and good faith effort was made to comply with the law, or B. The taxpayer was unaware of a requirement and could not reasonably be expected to know of the requirement." I.R.M. 20.1.1.3.2.2.6 (11-25-2011).

## II. Did James Reasonably Rely Upon Famiglio's Advice?

Plaintiff's primary argument in this case is that he reasonably relied on Famiglio to provide him with sound advice with respect to all aspects of the foreign trust, including informing him of any filing requirements, such as the requirement to file Form 3520. Thus, Plaintiff principally argues that Famiglio's mistake was to fail to *advise* him of the requirement to file Form 3520, not Famiglio's *failure to file* the return.[1]

There has been considerable case law on whether reliance on the advice of an expert can constitute reasonable cause for failing to file one's tax returns. It is clear that a taxpayer may reasonably rely on an expert's advice that no return is required; thus, if an expert erroneously advises him that no return is required, or erroneously advises him that it can be filed beyond the due date, reasonable cause may be found. *See, e.g., Estate of La Meres v. Comm'r*, 98 T.C. 294, 316-17 (1992) (Stating that courts have found reasonable cause for failing to meet a filing deadline where taxpayer made full disclosure to expert, relied on his advice, and did not otherwise know that the return was due.).

---

[1] In addition to arguing that James did not reasonably rely upon the advice of Famiglio, the Government argues that, to the extent that James *delegated* the actual filing of his information returns to Famiglio, James cannot show reasonable cause as a taxpayer cannot legitimately delegate the filing of his tax returns to his agent. *United States v. Boyle*, 469 U.S. 241, 252 (1985). The Court need not reach this argument as it concludes that there is a genuine issue of material fact with respect to whether James reasonably relied upon Famiglio's *advice*.

Here, the Court concludes that there is a genuine issue of material fact with respect to whether Famiglio provided James with advice upon which James reasonably relied. The record, viewed in a light most favorable to Plaintiff, shows, among other things, that: (1) James (or his agent) timely provided all required trust forms to Famiglio; (2) James relied on Famiglio to advise him on all matters related to the trust; (3) Famiglio advised him on at least some trust matters (for example, Famiglio advised him how to report loans from the trust for tax purposes and advised him that the trust loans did not result in taxable income); (4) James relied on Famiglio to advise him about making the appropriate filings for the trust; (5) Famiglio failed to so advise him; and (6) James, based on his conversations with Famiglio, believed that he had filed all required forms.

In addition, Famiglio prepared James's personal tax returns. On Schedule B of his Form 1040 tax returns, it appears that Famiglio answered no to the question "did you [James] receive a distribution from, or were you the grantor of, or transferor to, a foreign trust? If 'yes,' you may have to file Form 3520." Answering "no" to this question could be construed as Famiglio providing advice that James need not file Form 3520, advice upon which James could have potentially reasonably relied.

Taking all of these allegations as true, the Court concludes that there is a genuine issue of material fact with respect to whether Famiglio provided James with advice that James need not file Form 3520, and whether James reasonably relied upon that advice. [2] *See, e.g.,*

---

[2] The Court also rejects the Government's argument that James is procedurally barred from raising his "reliance on advice" argument because of an alleged failure to properly raise the same in his initial refund claim. The substantial variance doctrine, which would bar a taxpayer from
(continued...)

*Haywood Lumber & Mining Co. v. Comm'r*, 178 F.2d 769, 771 (2d. Cir. 1950) (Holding that the taxpayer had shown that it had reasonably relied upon its accountant's advice, the court stated that "[w]hen a...taxpayer selects a competent tax expert, supplies him with all necessary information, and requests him to prepare proper tax returns, we think the taxpayer has done all that ordinary business care and prudence can reasonably demand.").

It is therefore **ORDERED AND ADJUDGED** that:

1.  Defendant United States of America's Motion for Summary Judgment (Dkt. #17) is hereby **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on August 14, 2012.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2011\11-cv-271.msj.17.frm

---

²(...continued)
raising an argument not properly asserted in his initial refund claim, does not apply so long as the taxpayer either explicitly or implicitly alerted the IRS to his claim during the administrative process. *First Nat'l Bank of Fayetteville v. United States*, 727 F.2d 741, 744 (8th Cir. 1984). Here, the record is clear that James did so.