IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN CHIVAS JAMES,

    Plaintiff,

v.                                                           Civil No. 8:11-cv-271-T-30AEP

UNITED STATES OF AMERICA,

    Defendant.
_____/

## **COURT'S INSTRUCTIONS TO THE JURY**

## **JURY INSTRUCTION NO. 1**

Members of the Jury:

    I will now explain to you the rules of law that you must follow and apply in deciding this case.

    When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

    In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

    The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

## **JURY INSTRUCTION NO. 2**

Now, in saying that you must *consider* all of the evidence, I do not mean that you must *accept* all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

## **JURY INSTRUCTION NO. 3**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

# JURY INSTRUCTION NO. 4

**Burden of Proof - Preponderance**

In this case it is the responsibility of Plaintiff Brian Chivas James to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

# **JURY INSTRUCTION NO. 5**

**Burden of Proof** - **Tax Refund Suits**

Plaintiff Brian Chivas James has brought this suit seeking a refund of tax penalties assessed against him for the years 2001, 2002, and 2003. In a tax refund suit, the amount assessed against the taxpayer is presumed correct. It is the taxpayer's duty to prove that the United States incorrectly imposed the penalty based on the facts of the taxpayer's case.

## JURY INSTRUCTION NO. 6

**Ultimate Issue**

The issue you must decide in this case is whether Dr. James's failure to file Forms 3520 for the 2001, 2002, and 2003 years was due to reasonable cause and not willful neglect. As the owner of the Hornsby Trust, Dr. James had a legal duty to file IRS Form 3520, Annual Return to Report Transactions with Foreign Trusts and Receipt of Certain Foreign Gifts, ("Form 3520") for each of the years 2001, 2002, and 2003. The law imposes a penalty on a foreign trust owner who fails to timely file a Form 3520 for any year equal to 35% of the amount the owner transfers to the trust during that year unless the taxpayer's failure to file is "due to reasonable cause and not due to willful neglect."

For the years 2001, 2002, and 2003, Dr. James did not timely file Forms 3520 reporting his ownership of, and transfer of assets to, the Hornsby Trust. Thus, Dr. James is liable for the penalty unless he can prove both "(1) that the failure did not result from willful neglect, and (2) that the failure was due to reasonable cause."

## JURY INSTRUCTION NO. 7

**Reasonable Cause**

Dr. James also bears the burden of proving by a preponderance of the evidence that his failure to timely file Forms 3520 for his 2001, 2002, and 2003 tax years was due to reasonable cause and not willful neglect. In general, reasonable cause exists if a taxpayer exercises ordinary business care and prudence in determining his tax obligations despite his failure to comply. Whether a taxpayer has reasonable cause depends on all of the facts and circumstances of the case. In making a reasonable cause determination, you may consider various factors bearing on whether Dr. James made a reasonable and good faith effort to comply with the law or whether Dr. James was not aware of the filing requirement and could not reasonably be expected to know of the requirement. However, no one factor should be determinative.

Ignorance of the law cannot generally constitute reasonable cause, because ordinary care and prudence dictates that foreign trust owners are expected to make reasonable efforts to determine their reporting obligations. However, you may find that James had reasonable cause for failing to timely file his Forms 3520 due to ignorance of the law if he made a reasonable and good faith effort to comply with the law, or he was unaware of the requirement and could not reasonably be expected to know of the requirement.

Ignorance of the law, together with other circumstances, may constitute reasonable cause. These circumstances may include: (1) Dr. James's sophistication with respect to tax law at the time he did not file the returns; (2) whether Dr. James had previously been required to file Forms 3520; (3) whether Dr. James had an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, and (4) the level of complexity of the filing.

Reasonable cause may also exist if Dr. James selected a competent tax advisor, and relied on that advisor's advice in determining his return filing obligations. This is so even if the advisor failed to provide proper or complete advice. Advice is not required to take any specific form. Therefore, if you find that Dr. James provided his accountant with the information necessary to inform his advisor of the existence of the trust, and that, in doing so, he sought his advisor's advice, you may find that Dr. James had reasonable cause.

# JURY INSTRUCTION NO. 8

**Willful Neglect**

To find for Dr. James, you must find by a preponderance of the evidence that his failure to file Forms 3520 for the 2001, 2002, and 2003 years was not due to willful neglect. Willful neglect exists when a taxpayer consciously or intentionally failed to timely file a return or was recklessly indifferent towards the need to file the return.

# JURY INSTRUCTION NO. 9

**"Reasonable Cause" and "Willful Neglect" - relevant time**

You must determine whether James's failure to timely file a Form 3520 for 2001, 2002 and 2003 was due to reasonable cause and not due to willful neglect for each year.  In other words, you may find that James failed to act with reasonable cause for all three years, or that his failure to file was due to reasonable cause and not willful neglect for some (but not all) of the years at issue.  In determining whether James had reasonable cause for his failure to file, you should consider facts that James knew, or should have known, at the time each Form 3520 was due.  For example, you may consider events that occurred in 2001 and 2002 in determining whether James had reasonable cause for failing to timely file his Form 3520 for 2003, but in determining whether James had reasonable cause for failing to file the form in 2001 and 2002, you may not consider events that occurred after the filing due dates.

## **JURY INSTRUCTION NO. 10**

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way yosu are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

# **JURY INSTRUCTION NO. 11**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court. A form of verdict has been prepared for your convenience.

[Explain verdict form.]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

S:\Odd\2011\11-cv-271.JURY INSTRUCTIONS.wpd